## THE STATE v. FRANK KOLAFA, Appellant.

### Division Two, January 2, 1922.

1. **EVIDENCE: Proof of Other Crimes: Conspiracy.** Where a conspiracy between two or more persons, formed for the purpose of committing crime, is shown, and several crimes are committed in pursuance of the general plan, such crimes are so related to each other that the proof of one tends to prove the other, and on the trial of a co-conspirator for the commission of the one the others may be shown. Where defendant was charged with having stolen an automobile in Illinois, evidence that it was agreed between him and two others that each would steal an automobile; that the second one stolen was to belong to defendant; that as they were stolen, they were to be brought to the garage of one of them, their separable parts to be mixed, so as to destroy means of identification; that after the first was stolen and brought to Missouri by two of them and to the garage of the other, its body was removed and its number defaced; that thereafter defendant stole the second automobile and assisted in stealing the third, both of which were taken to the same garage, and that all three assisted in removing the body of the second and placing it upon the chassis of the first stolen, and in removing from the three other marks of identification, was competent.

2. **CONSPIRACY: Pleading.** It is not necessary to allege a conspiracy to commit the crime charged, in order to prove that the crime was committed in pursuance of the conspiracy. The conspiracy is only an incident of the crime charged—the means by which it is accomplished—and it may be proved by circumstantial evidence.

3. ————: **Instruction: Non-Direction.** There being evidence tending to establish a conspiracy between defendant and others to steal automobiles, an instruction telling the jury what proof is necessary to establish the conspiracy and what crimes committed in pursuance of it may be shown if it existed, may properly be given; but a conspiracy is merely incidental and collateral, is not an essential element of the crime, and therefore non-direction in respect to it is not error.

4. **OTHER CRIMES: Intent: Instruction: Harmless Error.** Where the crime speaks for itself, that is, where the intent is apparent from the fact of its commission, evidence of other like crimes

is inadmissible for the purpose of showng intent; but where the evidence of the other crimes is admissible for the purpose of showing a conspiracy, an instruction telling the jury that such evidence is admitted for the sole purpose of showing the intent with which the crime charged was committed is harmless error, and is in fact prejudicial to the State, since the jury has the right to consider evidence of such other crimes in connection with the other evidence tending to establish the commission of the crime charged.

5. **EVIDENCE: Res Gestae: Conversations.** Where defendant was charged with having stolen an automobile on September 8th and introduced evidence showing he had bought another automobile on October 1st, paid for it and retained it until the time of his arrest, conversations between him and the vendor at the time the purchase was made have none of the elements of *res gestae* of the crime charged, and are not admissible in evidence. In order to be *res gestae* a statement must be undesigned, contemporaneous, and spring spontaneously out of the main fact or particular litigated act to which it relates.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*Thomas B. Harvey* for appellant.

(1) The court erred in permitting the prosecution, over the timely objection of the defendant, to show other larcenies by the defendant. State v. Daubert, 42 Mo. 242; State v. Spray, 174 Mo. 569; State v. Boatright, 182 Mo. 33; State v. Ottrick, 184 S. W. 108; State v. Cummins, 213 S. W. 969. (2) Instruction 5, that the State had introduced evidence tending to show the theft of other automobiles, and that the jury could consider said testimony "for the purpose for which it was admitted, that is, to show the intent, conduct and motive with which the defendant acted with respect to the property for the theft of which he is now on trial," was erroneous and prejudicial. Authorities cited above. (3) Error was committed in not permitting the defendant to show all the circumstances and conversations attend-

ing his acquisition of the Willmann car, regardless of whether they were the acts and statements of the parties to the sale of the car or of bystanders. Potter v. McDowell, 31 Mo. 62; State to use v. Schneider, 35 Mo. 533; Stewart v. Lawrence, 43 Mo. 322; Snyder v. Free, 114 Mo. 360; State v. Elkins, 101 Mo. 344; 22 C. J. p. 450, sec. 540; 16 C. J. p., 572, sec. 1114; Echols v. State, 41 So. 298; People v. Cline, 74 Cal. 575; State v. Kelly, 57 Iowa, 644; State v. Jordan, 69 Iowa, 506; Doss v. State, 28 Texas App. 506; Way v. State, 35 Ind. 409; 25 Cyc. 139. (4) Error in the rejection of evidence was also committed in not permitting the defendant to show that the original cylinder blocks of automobiles bear numbers made into them, and that when they, for any reason, have to be replaced the new block does not bear any number.

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

(1) The court did not commit error in permitting the State to introduce testimony tending to prove the theft of other automobiles. Where it appears from the evidence that the theft of automobiles was but a part of the common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, evidence of the theft of other automobiles than the one charged in the indictment is admissible. State v. Othick, 184 S. W. 108; State v. Prunty, 276 Mo. 376; State v. Hyde, 234 Mo. 226; State v. Bailey, 190 Mo. 279. (2) The court did not commit error in refusing to admit in evidence conversations had between appellant and a third person attending what appellant claims to be his manner of acquiring the alleged stolen car. (a) In a prosecution for grand larceny the defendant cannot make evidence for himself by adducing his own declarations as to his motives and designs when he obtained the property. State v. Shermer, 55 Mo. 85. (b) Self-serving statements and acts cannot

be introduced in evidence by the accused. State v. Moxley, 102 Mo. 394; State v. Good, 132 Mo. 127; State v. Long, 201 Mo. 674. (c) Such evidence was properly excluded, since it was clearly nothing but a mere narrative of a past occurrence, and therefore, hearsay and self-serving. State v. Athanas, 150 Mo. App. 590; State v. Kelleher, 201 Mo. 635; State v. McKenzie, 228 Mo. 400. (d) What one found in the possession of goods recently stolen says in explanation of such possession immediately upon being discovered, and before he has time to concoct a story, is a part of the *res gestae* and receivable in evidence as such; but this principle does not apply where the defendant with ample time to prepare a self-serving story goes upon the stand and makes his explanation. State v. Moore, 101 Mo. 316, 331; State v. Nocton, 121 Mo. 537, 552; State v. McKenzie, 228 Mo. 385, 400. (3) The court did not commit error in refusing to permit the defendant to show that he had observed conditions indicating a burglary of Ehrenberg's house, reported the same to the police, causing an investigation of the matter and of the witness Biehslich's connection therewith. The character and credibility of a witness cannot be impeached by testimony as to specific acts. State v. Nelson, 98 Mo. 418; State v. Rogers, 108 Mo. 204; State v. Hyder, 258 Mo. 225, 230; State v. Baker, 262 Mo. 689, 699. (4) The court did not commit error in refusing to permit the defendant to show that the original cylinder blocks of automobiles bear the number made into them, and that when they, for any reason, have to be replaced, the new block does not bear any number, such offer being irrelevant and incompetent. State v. Elvins, 101 Mo. 246; State v. McCoy, 111 Mo. 525; State v. Griffin, 87 Mo. 612. (5) The court did not commit error in the giving of Instruction 5 concerning the purpose for which evidence of other larcenies was admitted. State v. Othick, 184 S. W. 108; State v. Prunty, 276 Mo. 359, 375; State v. Hyde, 234 Mo. 200, 226; State v. Bailey, 190 Mo. 257, 279.

WHITE, C.—The defendant and one William Ehrenberg were jointly indicted in two counts charging grand larceny, and receiving stolen property knowing it to be stolen. One automobile of the value of three hundred and fifty dollars was the property involved. After severance Kolafa was tried alone. The State elected to proceed upon the first count, charging grand larceny. The defendant was found guilty and his punishment assessed at two years in the penitentiary. The appeal is from that judgment.

The State introduced as witness one Joseph Nochta, who owned a Ford automobile, model 1916, which he said was worth three hundred and fifty dollars. On the night of September 8, 1917, he left his car on Collinsville Avenue, East Saint Louis, and went into a store. When he came out shortly afterwards his car was gone. He reported his loss to the police of the city of Saint Louis, and afterwards saw the chassis and body of the car at the police station in Saint Louis. The body had been sawed into three pieces, the chassis had a different body on it, and the motor number had been filed off. He identified parts of his car by private marks he had made.

The principal witness for the State was Albert C. Biehslich. At the time of the alleged theft he was seventeen years of age. Biehslich testified that he was an automobile mechanic; that he got acquainted with Ehrenberg and Kolafa in 1913; Ehrenberg was in the meatmarket business at 2118 Cherokee Street. In the rear of the building was a garage large enough to hold at least five automobiles; also at the rear next door, under the same roof, at No. 2116, was a vacant place called the slaughter house. Ehrenberg owned a Crawford automobile which he used as a delivery truck in connection with his business; he decided it was too expensive, and he wanted a Ford. Ehrenberg, Kolafa and witness agreed that they would steal a Ford automobile for Ehrenberg's personal use. Ehrenberg directed Kolafa and Biehslich to go to East Saint Louis for that purpose. Accordingly Biehslich, Kolafa and a man named Ted, a

friend of Ehrenberg, went to East Saint Louis in a car belonging to Biehslich; they drove around until they saw a Ford stopped on State Street or Collinsville Avenue, witness did not remember which. The occupants of the Ford got out and went into a drug store across the street; Kolafa drove witness's car back of the Ford car; Ted had a gun and said he would shoot anybody that came. Witness cranked the Ford and drove away, with Kolafa following. They drove over the Free Bridge and to 2118 Cherokee Street, where Ehrenberg was waiting for them, and put the car in the garage. They explained to Ehrenberg, Kolafa being present, where they got the car. Kolafa and witness went away together. That was about eight or nine o'clock at night. Afterwards the body of the car was taken off and sawed into three pieces; the number was filed off and a new number put on. In Ehrenberg's shop there were a set of dies and all kinds of tools for putting on numbers. Kolafa, Ehrenberg and witness engaged in that work. The top of Nochta's car was taken from the garage into the slaughter house and put up on the rafters. The tires were changed and all marks of identification were removed. A roadster body bought by Ehrenberg for twenty-five dollars was placed on the chassis. After that body was put on, the car was sent to the paint shop and painted and some accessories put on. Later the body thus put on was removed, and a touring-car body put on the chassis. The touring body was taken off a car called the Lange car, which was stolen by Kolafa and the witness at Nineteenth and Pine Streets, and brought to Ehrenberg's garage. Kolafa received thirty dollars for his part in the stealing of the first car for Ehrenberg, and witness received twenty-five dollars. The first car stolen was to belong to Ehrenberg, and the second car stolen was to belong to Kolafa. Before the Lange car was stolen Kolafa had received money from the Landsman Motor Company for a Ford chassis to be delivered; afterwards the Lange car was stolen; the body was taken off, and the chassis delivered to Landsman · Garage by Kolafa and the witness; the body

of the Lange car was put on the Ehrenberg car by Ehrenberg, Kolafa and witness. Wheels off a car stolen by Kolafa and witness on Compton and Lawton Avenues were put on the Nochta car, or Ehrenberg car, and were on it when the police got it. The witness then went into particulars explaining how the changes were made on the different cars for the purpose of concealing their identities, and the manner in which they were stored in Ehrenberg's garage, and used.

One Willman, introduced as a witness for the State, testified that his Ford automobile was stolen November 23, 1917, from Eighth Street and Washington Avenue; afterwards he was shown parts of a car, but was unable to identify them. Louis A. Lange testified that his Ford touring car was stolen at Nineteenth and Pine Streets; afterwards he saw the body and the chassis at the police station—the body having been mounted on the chassis of another car.

Hayhurst, a policeman, testified that he arrested Ehrenberg, Biehslich and Kolafa. He found the body of a touring car cut in two up on the rafters in Ehrenberg's garage. The chassis found in Ehrenberg's possession when arrested was identified by Nochta. A great many different articles were found about Ehrenberg's place, including tires and other automobile accessories. Other policemen were sworn who corroborated Biehslich as to the changes made in the several cars, and the different kinds of tools found in Ehrenberg's place.

The defendant introduced evidence to show that he had a good reputation, and that October 1, 1917, he had purchased a car known as the Kolafa car, or the Lange, car, and paid $140 for it, which was the car he had in his possession when arrested in February, 1918. Other evidence introduced will be noticed in considering the points presented for reversal.

I. The appellant claims there was error in permitting the State to show larcenies—stealing of auto-

**Other Crimes:**
**Conspiracy.**

mobiles—other than the one for which the defendant was on trial. As shown above in the statement of evidence, parts of two other automobiles, the Lange car and the car stolen from Compton and Lawton Streets, were taken off and placed upon the Ehrenberg car.

Where there is a conspiracy between two or more parties, formed for the purpose of committing crime, and several crimes are committed in pursuance of the general plan, such crimes are so related to each other that the proof of one tends to prove another, and, on the trial of a defendant for the commission of one, the others may be shown. [State v. Lewis, 273 Mo. 1. c. 531; State v. Bailey, 190 Mo. 1. c. 280; State v. Cummins, 279 Mo. 1. c. 207; State v. Carroll, 288 Mo. 392, 232 S. W. 1. c. 702; State v. Prunty, 276 Mo. 1. c. 376; State v. Hyde, 234 Mo. 1. c. 226.] It becomes necessary, therefore, to examine the evidence to see whether a conspiracy was sufficiently shown to let in such evidence. Biehslich testified that the three agreed that Ehrenberg should have the first car stolen, and his pick of any of the accessories of another car to be stolen, to be known as Kolafa's car; Kolafa was to have the car known as the Willman car, stolen at Eighth Street and Washington Avenue; this was stolen by Kolafa and Biehslich, who described at length the manner in which the theft was accomplished.

The witness repeated that the first car to be stolen was to be Ehrenberg's car, one was to be Kolafa's car, and one to be Biehslich's car. Witness and Kolafa were engaged in stealing all of them and assisted in changing the marks of identification.

It was not necessary to allege a conspiracy to commit the crime in order to prove it was committed in pursuance of a conspiracy. The conspiracy was not the crime charged, but an incident to it—the means by which it was accomplished. [State v. Carroll, 288 Mo. 392, 232 S. W. 702.] A conspiracy may be proven by circumstantial evidence. [Allen v. Forsythe, 160 Mo. App. 269; State v. Shout, 263 Mo. 1. c. 373; State v. Bersch, 276 Mo. 1. c. 414.] Evidence of crimes other than those charged,

committed by the same parties is admissible for the purpose of proving a conspiracy or a common scheme. [State v. Carroll, 288 Mo. 392, 232 S. W. 702, and cases cited.] While the witness Biehslich didn't testify directly to any express agreement between himself, Kolafa, and Ehrenberg that they should go into the business of stealing cars, he did testify that they agreed among themselves to steal each car; that the first car stolen was to be Ehrenberg's, the second one to be Kolafa's, and the next one to belong to the witness; that the cars stolen were mixed as to their separate parts so that the Ehrenberg car, the subject of the present charge, had some part of each car stolen. All the cars stolen were taken to the same place by the same persons and the identification marks on each obliterated as far as possible by the joint work of the three. We think the evidence was sufficient to warrant a finding of a conspiracy.

The court might very properly have instructed the jury as to what was necessary to prove a conspiracy, and what might properly be shown if a conspiracy existed, but the failure of the court in that respect is not complained of. It was a matter merely incidental and collateral, not an essential element of the crime, and therefore, non-direction in respect to it was not error. [State v. Starr, 244 Mo. 161, 1. c. 181 to 183; State v. Harris, 232 Mo. 1. c. 321; State v. Webb, 205 S. W. 1. c. 190.]

II. The appellant assigns error to the giving of an instruction, number five, on behalf of the State, as follows:

"In this case the State has introduced evidence tending to prove the theft of other automobiles than that alleged in the indictment to have been stolen, at about the same time and place. You are instructed that you can only consider such testimony for the purpose for which it was admitted, that is, to show the *intent, conduct* and *motive* with which the defendant acted with respect to the property

Other Crimes: Intent.

for the theft of which he is now on trial, and you will consider it for no other purpose, for you cannot convict the defendant for the theft of any other property than that named in the indictment.''

The complaint is that the proof of the crimes, if admissible at all, was not admissible for the purpose of showing the ''intent, conduct and motive.'' Where a crime speaks for itself, that is, where the intent is apparent from the facts of its commission, evidence of other like crimes is inadmissible for the purpose of showing *intent*. [State v. Patterson, 271 Mo. 1. c. 110, and cases cited.] In this case there was direct evidence of the larceny. If Kolafa assisted in taking the car in the manner stated in the evidence, the act was not susceptible of an innocent explanation; it speaks for itself. Therefore, evidence of other similar crimes was not admissible for the purpose of showing *intent*. The evidence was properly admitted, as shown above, for another and different reason. The question then is whether the jury was misled and the defendant prejudiced by the instruction.

The jury were told that the defendant could only be convicted if it were proven beyond a reasonable doubt that he stole the car alleged in the complaint to have been stolen. In that the act spoke for itself and the intent conclusively followed. The instruction to consider that evidence for the purpose of showing intent added nothing to that conclusion. The instruction limited their consideration of the evidence of other crimes in a manner prejudicial to the State. The jury had a right to consider it, in connection with the other evidence, as tending to show the commission of the crime charged. Since the instruction added nothing to the State's case, but limited the consideration of important evidence in a manner to weaken its force, the defendant was not harmed by it.

III. The defendant offered evidence to show that he bought a car, the Kolafa car or the Lange car, October 1, 1917, from a man named Huber; that he paid one hundred and forty dollars for it, and retained it until

**Res Gestae.** he was arrested in February of the following year. This was sworn to by Ida Kolafa, wife of defendant, and by defendant himself. In this connection defendant offered to show conversations had between him and the person from whom he purchased the car at the time the purchase was made. This evidence was excluded by the court, and error is assigned to that ruling.

The appellant cites a number of cases relating to the introduction of statements as *res gestae*. This evidence offered has none of the elements of *res gestae*. It relates to a transaction and a subject-matter different from the one in issue constituting the crime charged. The Nochta car, which is the subject of the charge here, was stolen September 8, 1917. The alleged purchase of another car took place the first of October following. In order to be *res gestae* a statement must be undesigned and spring spontaneously out of the transaction to which it relates. [State v. Reeves, 195 S. W. 1030, and cases cited.] It must be contemporaneous with and illustrate the *main fact* in issue. [State v. McKenzie, 228 Mo. l. c. 399, 400; State v. Robinson, 253 Mo. l. c. 285; 16 C. J. p. 576, sec. 1116; p. 573, sec. 1114; State v. Day, 100 Mo. 248-9.] This court in State v. McKenzie, supra, said, l. c. 399: · "The *res gestae* may, therefore, be defined as those circumstances which are the undesigned incident of a particular *litigated. act,* and which are admissible when illustrative of *such act.*"

The litigated act in this case was the theft of the Nochta car. Any statements made by the appellant at the time it was taken, if spontaneous and illustrative of the act, would have been admissible. Here are offered conversations which took place at another time, in another place, concerning another transaction which is only incidentally connected with the case. It is not even connected with the commission of another crime. The defendant was permitted to show without restriction all that he did in connection with the alleged purchase of the car, from whom he bought it and how he got it, and

how much he paid for it. The conversation accompanying it was pure hearsay and on no theory admissible.

IV.   Complaint is made of the exclusion of other evidence offered by defendant, but upon examination of the record we fail to find that the court committed any error in that respect.

The judgment is affirmed. *Railey* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.