State v. Barker.

---

THE STATE v. JOHN BARKER, Appellant.

Division Two, December 9, 1922.

1. **INDICTMENT:** Burglary and Larceny: Intent: Conversion. An indictment charging that defendant feloniously and burglariously broke into and entered a garage and stole therefrom an automobile, is not defective because it does not also charge that the larceny was committed with the felonious intent to convert the automobile to the taker's use without the consent of the owner.

2. **IMPEACHMENT:** Collateral Matters. The defendant is not entitled to offer testimony to impeach a witness for the State who has testified only to collateral matters having no relevancy to the issues on trial.

3. **INSTRUCTION:** Burglary and Larceny: Defendant's Subsequent Possession: Presumption. The giving of an instruction for the State telling the jury that if they find from the evidence that a certain garage was broken and entered and a certain automobile stolen therefrom, "and that recently thereafter said automobile was found in the possession of defendant, and that the circumstances connected with his possession were of such a character as to demand of him an explanation of his possession, and that he failed to make such explanation in a manner consistent with his innocence, then he is presumed to be the person who broke and entered such garage and stole such automobile, and this presumption will be conclusive against him unless overcome or repelled by

evidence, and the burden is on the defendant to adduce the evidence to overcome or repel such presumption to your reasonable satisfaction, unless overcome or repelled by evidence introduced by the State," is reversible error, in view of the decision in State v. Swarens, 294 Mo. 139, wherein the rule announced in State v. Kelly, 73 Mo. 608, and in numerous later cases, was disapproved.

Appeal from Greene Circuit Court.—*Hon. C. B. Skinker,* Judge.

REVERSED AND REMANDED.

*Hamlin & Hamlin* for appellant.

(1) The indictment is fatally defective, in that it does not charge "that the larceny was committed with the felonious intent to convert it to the taker's own use without the consent of the owner." State v. Gochenour, 225 S. W. 690; State v. Gray, 37 Mo. 464; State v. Rutherford, 152 Mo. 131; State v. Waller, 174 Mo. 518; State v. Littrell, 170 Mo. 13; State v. Zehnder, 228 Mo. 327; State v. Swearengin, 234 Mo. 554. (2) The court should have admitted the deposition of Clyde Callentine in evidence, especially that part in which he testified that Rachael told him at Springfield that he "had been stealing cars round Tulsa and Bartlesville, Oklahoma," and that Rachael requested him to haul gasoline out of town so he (Rachael) could fill the tanks of his cars, because Rachael was afraid to go to the filling stations in the city for fear of identification. This evidence was admissible tending to show the disposition and conduct of Rachel in relation to the case on trial and the defendant. 30 Am. & Eng. Ency. Law, p. 1102; 40 Cyc. 2684; Pennington v. K. C. Rys. Co., 213 S. W. 137; Gearry v. People, 22 Mich. 220; Hastings v. Stetson, 130 Mass. 76; Kidd v. Ward, 91 Iowa, 371. This evidence showed Rachel to be a corrupt witness and was admissible. State v. Downs, 91 Mo. 25. (3) The giving of Instruction 2 at the request of the State was prejudicial error. State v. Swarens, 294 Mo. 139.

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

(1)    The information charges the crime of grand larceny in the language of the statute and is sufficient. Sec. 3312, R. S. 1919; State v. Swearengin, 234 Mo. 554; State v. Jones, 225 S..W. 899; State v. Hodges, 234 S. W. 790; State v. Hodges, 237 S. W. 1000; State v. Huffman, 238 S. W. 435; State v. Akers, 242 S. W. 660.    (2) The giving of an instruction which treats the inference arising from proof of possession of stolen property as a presumption of guilt casting the burden of proof on a defendant to rebut the presumption is reversible error. State v. Swarens, 294 Mo. 139.    (3)    The deposition of Callentine was properly excluded. Its only effect was to impeach a witness for the State on collateral, irrelevant and immaterial matters.    Trauerman v. Lippincott, 39 Mo. 478; Harper v. Ry. Co., 47 Mo. 567; Iron Mountain Bank v. Murdock, 62 Mo. 70; State v. Matthews, 98 Mo. 125; Wojtylak v. Coal Co., 188 Mo. 260; Tla-Kooyel-lee v. United States, 167 U. S. 274; 23 R. C. L. 613. (4)    For the error appearing in Instruction 2, in treating the inference from recent possession of stolen property as a presumption of law, we submit, in the light of the opinion of Court in Banc in the Swarens Case, that the judgment in this case should be reversed and the cause remanded for a new trial.

RAILEY, C.—On November 30, 1920, the grand jury of Greene County, Missouri, returned into the criminal court of said county an indictment, jointly charging appellant and one Clyde Callentine with burglary and larceny. It alleges that on July 17, 1920, at the County of Greene and State of Missouri, said appellant and Callentine feloniously and burglariously broke into, and entered, the garage of one Sam Hargis, and stole therefrom one Dodge automobile of the value of $1200, the personal property of said Sam Hargis. On April 4, 1921,

a severance was ordered, and a separate trial awarded appellant. A change of venue was granted him from Judge Orin Patterson; and Judge C. H. Skinker of the 18th Judicial Circuit was called in, and tried said case. On June 3, 1922, the jury, before whom appellant was tried, returned into court the following verdict:

"We, the jury, find the defendant John Barker guilty of larceny as charged in the indictment and assess his punishment at imprisonment in the penitentiary for a term of two years; and we find the defendant not guilty as to the charge of burglary.

"J. W. BROWN, Foreman."

The court rendered judgment, and sentenced appellant, in accordance with the terms of said verdict. From said judgment defendant appealed to this court.

It appears from the State's evidence that Sam Hargis, on July 17, 1920, lived at Springfield, Missouri, and was the owner of a Dodge automobile of the value of $1000; that on the afternoon of said last named date, he drove said car to the National Cemetery, and returned about 6:30 p. m.; that on returning home, he drove said automobile into his garage, and locked the latter with a common padlock; that the next morning, he discovered that said machine was gone; that after putting the car in his garage on the above date, it was left there; that a heavy bar protected the back door of said garage, and the front door was locked as above stated with a padlock.

Sam Hargis, in testifying, said his Dodge car had a curtain on the left-hand back corner where the bottom had been torn out, and a large patch put on same by Mr. Weber; that said car had fifteen secret marks placed thereon by the Anti-Automobile-Thief Association; that said marks were drilled into the car, etc.; that he next saw said car in Texarkana, where he had gone in answer to a telegram received from the police in that place; that after the car had been stolen, it was discovered at Clarksville, Texas, in the possession of one Clark; that after Hargis identified his automobile in Texarkana, he sold

it to one Bowden at that place; that *before* said automobile was identified as the property of said Hargis, it had been sold by appellant, who gave his name as Moore, to one Jack Rachael, who was in the automobile business in Texarkana; that appellant is the same man who gave his name as Moore, and from whom Rachael bought this same Dodge car.

Appellant testified in his own behalf, that he was thirty-six years of age and lived at Springfield, Missouri; that he had been convicted in Greene County of gambling, fighting and carrying weapons; that he was acquainted with Rachael; that he met him about the middle of June, 1920, at the Kentucky Saloon, on College Street; that there was with Rachael at that time, a tall fellow by the name of Thorp; that he talked with the latter about buying a Ford car; that he told Thorp he was going to buy one, and was advised by him not to do so; that Thorp told him he could get a Buick for what appellant would pay for a Ford; that he (appellant) later bought a Ford; that he did not break into the garage of Sam Hargis, on July 17, 1920, and take the automobile in question; that he never took a car belonging to Sam Hargis; that he did not sell a car to Rachael about July 25th or 26th, 1920, at Texarkana; that he never sold Rachael a car; that he had no dealing with Rachael at any time.

Appellant introduced testimony tending to show that he was not at Texarkana on the 25th or 26th of July, 1920, when it is claimed Rachael bought the Hargis car from appellant.

Such other matters disclosed by the record, as may be deemed important, will be considered in the opinion.

I. Appellant in his brief and assignment of errors challenges the sufficiency of the indictment in this case, on the ground that it does not charge "that the larceny was committed with the felonious intent to convert it" (automobile) "to the taker's own use without the consent

**Indictment.** of the owner.'' In support of above contention, counsel for appellant cite, and rely upon, the recent case of State v. Gochenour, 225 S. W. (Mo.) 690, and some other earlier cases in this court. The Gochenour Case has, in direct terms, been overruled by this court, in respect to the above matter, as will be seen by reference to the following later cases: State v. Akers, 242 S. W. (Mo.) 660-1; State v. Huffman, 238 S. W. (Mo.) l. c. 435; State v. Hodges, 234 S. W. (Mo.) l. c. 790; State v. Jones, 225 S. W. (Mo.) l. c. 899.

The indictment is based upon Section 3312, Revised Statutes 1919, and under the law as declared in above authorities is sufficient as to both form and substance.

II. Appellant assigns as error the action of the trial court in excluding the deposition of Clyde Callentine, who was jointly indicted with appel-
**Impeachment.** lant. This deposition was offered in evidence for the purpose of impeaching Jack Rachael, who had testified as a witness for the State, in respect to collateral matters which had no relevancy to the issues on trial in appellant's case. Defendant offered in evidence the testimony of several witnesses who contradicted Rachael in regard to material matters. He was likewise permitted to show that Rachael's general reputation, etc., was bad. Appellant's counsel undertook to show by Callentine's deposition, that Rachael, among other things, told him while at Springfield, Missouri, that he (Rachael) ''had been stealing cars around Tulsa and Bartlesville, Oklahoma,'' etc. The rule is well settled in this State that a witness may be impeached, by showing his general reputation for truth and veracity, etc., is bad. He may be impeached, where a proper foundation is laid, by showing that he has made contradictory statements in respect to material issues in the case, but such testimony as that offered to be shown from the deposition of Callentine, relating solely to collateral mat-

ters, was properly excluded from the consideration of the jury. [State v. Lasson, 238 S. W. (Mo.) l. c. 105-6, and cases cited; Wojtylak v. Coal Co., 188 Mo. l. c. 288-9; Wright v. Kansas City, 187 Mo. l. c. 692-3, 86 S. W. 456; Roe v. Bank of Versailles, 167 Mo. l. c. 426; Hamburger v. Rinkel, 164 Mo. l. c. 407; State v. Gesell, 124 Mo. l. c. 535-6; State v. Houx, 109 Mo. l. c. 663; State v. Parker, 96 Mo. l. c. 389; 28 R. C. L. sec. 202, p. 613-14.]

III. It is insisted by appellant that instruction numbered two given by the court is erroneous. It contains a number of separate, unnumbered paragraphs, but the criticism of appellant's counsel is leveled at that portion of said instruction which reads as follows:

"If you find from the evidence that the garage of Sam Hargis was broken and entered and a certain Dodge automobile stolen therefrom, and that recently thereafter said automobile was found in the possession of the defendant, and that the circumstances connected with his possession, when first found in such possession, were of such a character as to demand of him an explanation of his possession, and that he failed to make such explanation in a manner consistent with his innocence, then he is presumed to be the person who both broke and entered such garage and stole such automobile and this presumption will be conclusive against him unless overcome or repelled by evidence, and the burden is on the defendant to adduce the evidence to overcome or repel such presumption to your reasonable satisfaction, unless overcome or repelled by evidence introduced by the State."

In State v. Kelly, 73 Mo. 608, decided in 1881, the above quoted part of the above instruction was approved by this court, and continued to be the law of this State until May of this year, when a majority of our Court in Banc announced a *different* rule of law in State v. Swarens, 294 Mo. 139, 241 S. W. 934 and following. The conclusion reached in the Swarens Case has, in legal effect, overruled the Kelly Case, and all other Missouri

cases on the same subject, up to and including State v. Weiss, 219 S. W. 1. c. 370, where numerous decisions of this court were cited and followed.

In view of the ruling in the Swarens Case, the Attorney-General and his assistant concede that the case should be reversed and remanded on account of the giving of said instruction in the form aforesaid.

On account of the error heretofore pointed out, the case is reversed and remanded for a new trial. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.