## A. L. WEBB V. THE STATE.

### No. 9565.  Delivered November 25, 1925.

**1.—Selling Intoxicating Liquor—Evidence—Of Extraneous Offense—Improperly Admitted.**

Where, on a trial for the sale of intoxicating liquor, it was error to permit the State to show that there was some mash found on premises of appellant. This case does not come within any of the exceptions which would admit testimony of any extraneous crimes or other offenses, and the action of the court in admitting this testimony was clearly erroneous. Following Berry v. State, 95 Tex. Crim. Rep. 661, and other cases cited.

**2.—Same—Charge of Court—On Variance—Erroneously Refused.**

Where the indictment charges a sale to one person, and the evidence raises the issue of the sale having been made to the one named and another, or a joint sale, the jury should be instructed that if they believed or had a reasonable doubt that the sale was a joint sale, to acquit, such variance between the allegation and proof, if shown, constituting a variance. fatal to a conviction.

Appeal from the District Court of Franklin County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Wilkinson & Wilkinson,* and *J. A. Ward,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Franklin County of the offense of unlawfully selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The indictment charges that the appellant jointly sold the whiskey in question to Burton Avery and Frank Weatherford.

Bills of exception 1 and 5 complain of the action of the court in permitting witnesses Campbell and Walker for the State to testify to matters stated in the objections to said bills to be hearsay acts and declarations in the absence of the appellant. These bills are defective in that they do not of themselves state facts to show that said conversations and acts complained of were in the absence of appellant, **and we are**

unable to consider same. There was evidence introduced on the part of the State tending to show that there was some mash found on the premises of the appellant, and tending to show that he had either been making whiskey or possessed mash and equipment for that purpose, to all of which testimony appellant properly excepted on the grounds that it was an attempt to show extraneous offenses and was prejudicial to the appellant in this case. We are of the opinion that appellant's contention is correct, and that the action of the court in admitting said testimony in this instance will require a reversal of this case. The indictment charged only a sale as above stated and shown, and the State's witness Weatherford, one of the alleged purchasers, and the only witness introduced by the State on the question of sale, testified positively to the sale at the time and place alleged in the indictment. This case does not come within any of the exceptions to the rule which would admit testimony of any extraneous crimes or other offenses, and we think the action of the court in admitting this testimony was clearly erroneous. Berry v. State, 95 Tex. Cr. Rep. 661; Ross v. State, 93 Tex. Cr. Rep. 61, 245 S. W. 680; Burton v. State, 93 Tex. Cr. Rep. 335, 247 S. W. 869; Branch Ann. Penal Code, Sec. 166, p. 99.

Appellant complains of the action of the court in failing to charge the jury that if they had a reasonable doubt as to whether the sale in question was made to Frank Weatherford and Burton Avery, or was made to only one of said parties, to acquit the defendant. The evidence in this case on this issue is very close, and we are of the opinion that upon another trial, if the evidence is the same, the court should submit the issue raised by the appellant in the said special charges 1 and 2.

Complaint is made to the argument of the district attorney to the jury, but in view of another trial of this case, we deem it unnecessary to discuss it at this time.

For the reasons above stated we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.