THE STATE v. ALBERT WHITE, Appellant.

Division Two, December 20, 1926.

1. **INTOXICATING LIQUOR: Sale: Later Admission of Possession.** Where defendant is charged with having sold whiskey on a certain date and there is positive evidence that on that date he went to the woods and brought back and sold whiskey to four young men, the admission of evidence that about a week later, upon a second visit of the same young men and others to the premises, he stated to them that he had whiskey in his possession and asked one of them if the whiskey he had sold to him on the former occasion was good whiskey, is not error.

2. **PUNISHMENT: Assessed by Court.** Where the jury find the defendant guilty as charged, but fail to agree upon the punishment to be inflicted, or do not declare the punishment by their verdict, the court has authority to assess the punishment at any term of imprisonment authorized by the statute as the penalty for the crime.

3. ———: ———: **Minimum: Impeached by Jury.** Where the jury find defendant guilty as charged, but fail to assess the penalty, the court is not required to assess the minimum punishment authorized by the statute. To sell hootch, moonshine or corn whiskey is a felony, and if the court, upon a return of a verdict finding the defendant guilty of such offense but failing to assess a punishment, assesses the punishment at two years' imprisonment, such judgment and sentence cannot be impeached by affidavits of the jurors to the effect that had the jury assessed the punishment they would have confined it to a fine or a short term in jail. Verdicts of juries cannot be impeached by affidavits of the jurors.

---

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 1174, p. 605, n. 29; Section 2602, p. 1111, n. 85; 17 C. J., Section 3469, p. 179, n. 1; Section 3470, p. 179, n. 3. **Intoxicating Liquors,** 33 C. J., Section 510, p. 764, n. 1; Section 544, p. 789, n. 91; Section 553, p. 797, n. 39.

Appeal from Christian Circuit Court.—*Hon. Fred Stewart*, Judge.

AFFIRMED.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

(1) In his motion for a new trial, defendant complains that the judgment is against the law and against the evidence. The evidence was sufficient to take the case to the jury. The weight is for the consideration of the jury. This assignment is too general and indefinite. State v. Jackson, 283 Mo. 24; State v. Mann, 217 S. W. 69; State v. Rowe and Sanders, 271 Mo. 94; State v. Salleck, 199 S. W. 130; State v. McBrien, 265 Mo. 1. c. 604; State v. Scott, 214 Mo. 261. (2) Defendant complains of the admission in evidence of a crime committed after the commission of the crime charged in the information. Defendant interposed no objection to this evidence. Afterward, defendant's counsel went into the matter himself on re-direct examination, bringing out the fact thereby that defendant was in the possession of whiskey at the time of the alleged sale. He cannot now complain of his own errors. (3) The affidavit filed in defendant's motion for a new trial, does not show bias and prejudice upon the part of the court. The court was acting within the scope of its authority and could have disregarded the jury's request for light punishment had such request been made. Sec. 4048, R. S. 1919; In re Bowman, 7 Mo. App. 568.

WALKER, P. J.—The defendant was charged by information in the Circuit Court of Christian County with having sold hootch, moonshine or corn whiskey. Upon a trial he was tried, convicted and sentenced to two years' imprisonment in the penitentiary. From this judgment he appeals.

On July 5, 1925, four young men went out from Ozark in a car to the residence of the defendant. Upon their arrival two of the party gave the defendant $1.50 each for whiskey. Upon receiving the money defendant, with one of the parties, went into the woods near by and returned with a quart of moonshine or corn whiskey and gave it to the young men, who drank a portion of it and became drunk. About a week later these young men, accompanied by the sheriff and a deputy, returned to the defendant's house. Brownfield, one of the parties, asked the defendant if he had any whiskey. He replied that he had, but could not then go and get it, but would do so later. Defendant asked Brownfield if the whiskey he and the others had previously gotten was good stuff. The sheriff testified that during the month of July he found two half-gallon jars of whiskey hidden in the woods about one hundred and fifty yards from the defendant's residence.

The defendant denied having sold whiskey, but on cross-examination admitted having whiskey in his possession in July, 1925, and for several months prior thereto.   Witnesses testified to the good reputation of the defendant.

A demurrer to the evidence was overruled.   No brief has been filed upon behalf of the defendant.   The motion for a new trial is of the most general nature.

I.   The contention that the court should have sustained a demurrer to the evidence is without merit.   Proof of the possession and sale of the liquor was direct and positive.   No fact or circum-**Demurrer.** stance was offered to refute it, except the unsupported testimony of the defendant.   The jury saw fit to believe the witnesses for the State and were well within their province in so doing.

II.   The admission of the evidence concerning the second visit of the same parties and others to the residence of the defendant when he admitted he had whiskey in his possession was not error, especially when it was shown upon his cross-examination that **Admission of** such possession was continuous and existed during **Possession.** the time he was charged in the information to have sold the same.

III.   There was no prejudice indicated by the trial court in the assessment of the punishment of the defendant upon the failure of the jury so to do.   The verdict of the jury found the defendant guilty as charged and the assessment of the punishment by the court was not obnoxious to valid criticism.   The power conferred upon the court as thus exercised is clearly defined in Section 4048, Laws 1925, page 197, as follows:   "Where the jury agree upon a verdict of guilty, but fail to agree upon the punishment to be inflicted or do not declare such punishment by their verdict; the court shall assess and declare the punishment and render judgment accordingly.   Where the jury find a verdict of guilty and assess a punishment not authorized by law, and in all cases of judgment by confession, the court shall assess and declare the punishment, and render judgment accordingly."

The offense charged was a felony (Sec. 21, Laws 1923, p. 242), and the punishment for the same assessed by the court was within the terms of the statute.   This is all that is required as no other limitation is prescribed.   The contention that the jury, if it had assessed a punishment, would have confined it to a fine and jail sentence does not merit consideration.   We are only concerned with the finding of the jury as disclosed by the record.   Affidavits of jurors have never been recognized to impeach their verdicts.   This question has

been many times affirmatively ruled upon, not only by this court but by the courts of appeals as well, notably in the learned opinion by BAKEWELL, J., In re Bowman, which unfortunately is only published as a memorandum opinion in 7 Mo. App. 567. The rule there announced, following many precedents, is that if the verdict is in other respects regular, that any punishment may be assessed by the court authorized by the statute, uninfluenced by any action of the jury, other than that expressed in their verdict. There is therefore no merit in the contention that the court erred in not assessing the minimum punishment.

There was no prejudicial error committed in the trial of this case. The judgment should be affirmed. It is so ordered.

*Blair, J.,* concurs; *White, J.,* concurs in the result.