THE STATE v. DAVID SHEELER, Appellant.—7 S. W. (2d) 340.

Division Two, May 25, 1928.

174

*Clarence A. Barnes* for appellant.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

BLAIR, J.—Appellant was convicted in the Circuit Court of Audrain County of the felony of selling intoxicating liquor, to-wit, "hootch, moonshine and corn whiskey," as defined by Section 21, Laws 1923, page 242. The jury assessed his punishment at imprisonment in the State Penitentiary for a term of five years. From the judgment entered on the verdict of the jury, appellant was granted an appeal to this court.

At our last October term, an opinion was handed down reversing the judgment and remanding the cause on account of the admission of certain evidence. Upon motion of the State a rehearing was granted. The case has been reargued and resubmitted at the present term. The facts are fully and fairly set out in our former opinion, from which we quote as follows:

"The prosecuting attorney observed one George Adams, known to be an habitual user of intoxicating liquor, standing near his automobile in the city of Mexico. Thereupon the prosecuting attorney and the sheriff, taking Adams with them, drove to a point in the city of Mexico close to the residence of defendant. The prosecuting attorney thereupon handed Adams two one-dollar bills. Adams alighted from the machine, going in the direction of defendant's residence, the sheriff following him and observing Adams enter upon the premises, but from his position he was unable to see him enter defendant's house. Shortly thereafter the sheriff saw Adams leave defendant's house, meeting him on the street, Adams showing him the impression of a bottle inside his shirt. The sheriff and Adams returned by different routes to the automobile stationed a block or so away, Adams delivering the pint bottle half full of whiskey to the prosecuting attorney. The incident occurred about seven-thirty P. M. on September 18, 1926. Upon obtaining the bottle of whiskey from Adams the prosecuting attorney immediately went to his offce and procured a search warrant to search defendant's house, which was executed by the sheriff, accompanied by two policemen, where, after a continued search, nine bottles of whiskey were found in the basement in a clapboard partition constituting a side of the coal bin. While the officers were making the search, but before anything was found, the defendant remarked, 'You are just out of luck. I did have some whiskey here in a jug, but it is all gone now.' Upon the arrest of defendant and while detained in the waiting room at the jail, defendant, upon observing Adams, said to him, 'So this is your game, is it?' Adams admitted that he had previously been convicted of issuing a check without funds in the bank to meet it. He also admitted he was in the habit of drinking large quantities of whiskey.

"The defendant refused to take the stand, but offered several witnesses who testified that the general reputation of Adams for truth and veracity was bad."

There is no doubt that the testimony of Adams that he purchased the liquor from appellant, supported by the testimony of the sheriff tending to corroborate Adams as to entering and leaving appellant's premises, together with proof of the character of the liquor purchased, was sufficient to authorize submission of the case to the jury. Appellant insists that the only proof of the sale rests in testimony procured by the entrapment of appellant and that this testimony was improperly admitted and that, without such testimony, no case was made for the jury. We are satisfied with our former opinion on this point and quote from it as follows:

"The evidence in this regard goes no further than showing that the prosecuting attorney accosted the witness, drove him near defendant's residence and gave him two one-dollar bills, Adams immediate-

ly going to defendant's home and returning with a bottle of moonshine whiskey. If entrapment may ever be said to constitute a defense in this State, the facts here developed are not appropriate to such a defense. It is evident from the reading of the record that the purpose of the prosecuting attorney was not to solicit the commission of an offense, but it was to ascertain if defendant was engaged in vending whiskey. Adams, acting as a decoy, merely furnished the opportunity for the commission of the offense. The officers did not actively or by ruse induce defendant to commit an offense, nor did they have anything to do with the furnishing of whiskey by defendant. The record contains no evidence that defendant was induced to sell by entreaty, lure or false statements tending to show a dire need on the part of Adams for whiskey. It has been said to be the general rule in liquor cases that intent is not a necessary element of the offense and that the defense of entrapment in general has no application to cases involving the sale of intoxicating liquor. [State v. Broaddus, 289 S. W. 792; State v. Seidler, 267 S. W. 424.] The trial court properly refused to direct a verdict of acquittal.''

Appellant contends that the proof of the discovery of several bottles of whiskey and a number of empty whiskey bottles, by the search made subsequent to, but the same night of, the alleged sale, was erroneously admitted for the consideration of the jury. In our former opinion we agreed with appellant as to this assignment and for that reason ordered the judgment reversed and the cause sent back for a new trial. Being persuaded of the probable incorrectness of our conclusion in that respect, we granted a rehearing. The question has been thoroughly rebriefed by appellant and the State, and is the main question for decision.

A search warrant was promptly and regularly issued immediately after the sale and no complaint is made that the search made thereunder, within an hour or two after the alleged sale, was not fully authorized. But it is contended that the discovery of the liquor in appellant's basement tended to show another and different crime than that of selling ''moonshine'' charged in the information and that the fact that appellant unlawfully had possession of such liquor had no legitimate tendency to establish the crime of selling such liquor, which was the charge against appellant, and that proof of such discovery served no purpose in the case, except to prejudice the jury improperly against the appellant.

Counsel for appellant has cited quite an imposing array of authorities to this proposition. We have examined them all and find that most of them are clearly distinguishable on their facts. In State v. Saunders, 288 Mo. 640, 232 S. W. 973, admission of proof of separate larcenies of chickens by defendant at different farm houses.

but all upon the same night, was held to be improper. In State v. Austin, 234 S. W. (Mo.) 802, proof of a different burglary and larceny by the defendant in the same town, but at a different time, was held to have been improperly admitted. In State v. Kolafa, 291 Mo. 340, 236 S. W. 302, admission of proof of other larcenies of automobiles, as part of a conspiracy to steal several automobiles, was held to have been proper. In State v. Barker, 296 Mo. 51, 246 S. W. 909, it was held not to be error to exclude proof for impeachment purposes that a State's witness had committed several different larcenies. In State v. Kurtz, 295 S. W. (Mo.) 747, which was a prosecution for manufacturing intoxicating liquor, the admission of proof that defendant had operated a still two years before was held to be erroneous. In State v. Smith, 261 S. W. (Mo. App.) 696, the Kansas City Court of Appeals held that evidence that defendant had illegally possessed liquor at other times and in a different county was held improperly admitted. In State v. Sparks, 269 S. W. (Mo. App.) 403, it was held that proof of another sale of liquor by defendant at a different time and at another place was improper. In State v. Shobe, 268 S. W. (Mo.) 81, which was a rape case, it was held improper to admit proof that defendant solicited other men to commit the same act charged against him. State v. Aurentz, 263 S. W. (Mo.) 178, was a murder case. Proof of the discovery of liquor in defendant's automobile an hour after the homicide was held to have been erroneously admitted. In State v. Fenley, 309 Mo. 520, 275 S. W. 36, four months had elapsed between the time of the sale, for which defendant was being prosecuted, and the subsequent search and discovery of empty bottles. The proof of the result of such discovery was held to have been improperly admitted. In State v. Calbert, 282 S. W. (Mo. App.) 106, the other offense of selling liquor occurred four months after the commission of the offense for which defendant was being tried. In State v. Widick, 292 S. W. (Mo.) 52, the jug of whiskey, proof of which was held improperly admitted, was discovered four months after defendant's arrest. In State v. Preslar, 290 S. W. (Mo.) 142, defendant was being tried for selling intoxicating liquor. Proof of sales at other times was held inadmissible.

It is manifest that the facts in the foregoing cases are so dissimilar to those in the case at bar that the rulings made therein, that it was improper to show that the respective defendants committed other crimes, are not controlling here.

In State v. Hedrick, 296 S. W. (Mo.) 152, a case cited by appellant, where the charge was selling liquor, the court ruled that proof by the State in rebuttal that empty bottles with whiskey odor were found on defendant's person when he was arrested, was not prejudicial, even if erroneously admitted, because defendant had pre-

viously admitted such possession. In such state of the record, the suggestion made by this court that the proof would have been improper because it tended to show a different offense, was *obiter*, for the record clearly shows that no objection was made to the proof on the ground that it tended to show the commission of another crime.

The case of State v. Gruber, 285 S. W. (Mo.) 426, cited by appellant, is not in point. Even if it was in point, it would not aid appellant. It was a case of rape of a girl under the age of consent. It was held that proof that defendant aided in procuring an abortion upon prosecutrix was admissible as tending to show an attempt on defendant's part to conceal the crime of rape.

In Beyer v. United States, 282 Fed. 225, cited by appellant, defendant was charged with selling liquor on June 19, 1920. He denied making such sale and said that he had sold no liquor since prohibition went into effect. He was then asked by the district attorney if a seizure of liquor had not been made in his place on March 10, 1920, which was four months before the date of the alleged sale on which he was being tried. Government witnesses in rebuttal were permitted to testify to the previous finding of liquor in defendant's café. It was held that possession of liquor by defendant at another and different time was irrelevant to and immaterial upon the issue on trial, and that defendant could not be contradicted upon an immaterial matter, and that the Government was bound by his answer denying the fact of such seizure.

In Rosencrance v. State, 239 Pac. (Wyo.) 952, cited by appellant, the defendant was prosecuted for selling moonshine whiskey. Proof that defendant was conducting a gambling den and that he had offered to pay the officers for protection in the conduct of that illegitimate business and that he operated a still at some place not shown was held improperly admitted. It is significant that the court said: "No connection between the still in question in the case at bar and the crime charged against the defendant having been shown, we think that the testimony in relation to the still, both upon cross-examination of the defendant and upon examination of the sheriff, should have been excluded."

In the Texas case cited by appellant, Webb v. State, 277 S. W. 697, it was held that, on a trial of a defendant charged with selling intoxicating liquor, it was error to show that mash was found on premises occupied by the defendant. As it does not appear from the opinion whether or not the sale was made on the same premises or when, in reference to the time of the sale, the mash was found on appellant's premises, we are unable to say whether the facts in the Texas case are similar enough to those in the case at bar to constitute that case a persuasive precedent. If the sale was made on the same premises and approximately at the same time that the mash

was found, the facts in the Webb case would be comparable to those in the case at bar. If so, it would constitute the only case of that kind cited by appellant.

In the case at bar the sale was made at about 7:30 o'clock in the evening. That same evening, and as soon thereafter as a search warrant could be procured, the search of appellant's home was commenced and, after considerable time and only because of a very careful second search, the whiskey and empty bottles were finally discovered. The inference that the whiskey was hid in the basement of the house at the time appellant made the sale in that house is well-nigh irresistible. The jury clearly had the right to draw such an inference. The presence of the liquor in the house was a circumstance corroborating the testimony of George Adams as to the fact of the sale by appellant. The evidence of the presence of whiskey in appellant's house was admissible for that purpose. The mere fact that such evidence also tended to prove that appellant was guilty of the offense of illegally having intoxicating liquor in his possession does not make the evidence inadmissible in so far as it properly tends to corroborate the proof of the State that defendant illegally sold liquor in the house.

Respondent has cited us to no Missouri case squarely in point on the facts. In State v. White, 316 Mo. 210, 289 S. W. (Mo.) 953, defendant admitted having had whiskey in his possession during July, the month during which the sale was alleged to have been made and that he had possession of such liquor for several months prior thereto. Thus it was shown that he had such whiskey at the time when and the place where the sale was made. It seems to have been assumed that the proof of such possession was properly made. WALKER, P. J., there said: "The admission of the evidence concerning the second visit of the same parties and others to the residence of the defendant, when he admitted he had whiskey in his possession, was not error, especially when it was shown upon his cross-examination that such possession was continuous and existed during the time he was charged in the information to have sold the same."

Respondent cites State v. Fenley, 309 Mo. 520, 533, 275 S. W. (Mo.) 36, on this point: The search there made occurred four months after the sale and evidence thereof was held inadmissible on the ground of remoteness and because of a want of a showing of continuous possession. In speaking of the failure of the State to prove such continuous possession, WALKER, P. J., said: "Had this been done, we would be loath to hold that the facts were too remote to be admissible. Other proof than the discovery of the bottles not having been offered, the contention of the defendant in this behalf is sustained."

182

Respondent cites numerous cases outside of Missouri tending to support the action of the trial court in admitting in evidence proof of the discovery of whiskey in appellant's basement shortly after the sale. In Harwell v. State, 68 So. (Ala. Ct. App.) 500, 1. c. 503, the search was made a few days after the sale. In Craig v. State, 70 S. E. (Ga. Ct. App.) 974, the search was made months after the sale, yet the liquor discovered was held to have been properly admitted. In Martoni v. State, 167 S. W. (Tex. Ct. Cr. App.) 349, the whiskey was found in defendant's room soon after the sale. In Patton v. State, 145 S. W. (Tex. Ct. Cr. App.) 1189, the sheriff searched defendant's place of business after the sale, but upon the same day, and found the whiskey. It was also shown that defendant had whiskey in his possession prior to the sale. In State v. Legendre, 96 Atl. (Va.) 9, the whiskey in defendant's possession was found thirteen days after the sale. In Holmes v. State, 77 S. E. (Ga. Ct. App.) 187, empty bottles and bottles containing whiskey were found on defendant's premises. It does not clearly appear from the opinion that this discovery was made after the sale, but it is reasonable to assume so. In Reynolds v. State, 42 So. (Fla.) 373, proof that empty jugs, smelling strongly of whiskey and found upon his premises at the time of defendant's arrest after the sale, was held to have been properly admitted. In Smith v. State, 77 S. E. (Ga. Ct. App.) 651, it was shown that full and empty whiskey bottles were found on defendant's premises.

Respondent cites numerous other cases, but these will suffice. It was held in each of the cases above mentioned that the proof of the discovery of liquor upon defendant's premises or upon his person at a time other than the precise time when the sale was made was properly admitted. The theory upon which such proof was admitted was that it tended to corroborate the proof of sale and that such proof was admissible, notwithstanding the fact that it may have tended to show defendant guilty of a separate and independent offense. Corpus Juris lays down the general rule as follows: "Evidence of contemporaneous possession of intoxicating liquor is admissible in corroboration of the proof of sale regardless of whether such possession does, or does not, constitute a distinct offense." [16 C. J. 606, sec. 1174.]

Appellant had the full and empty whiskey bottles artfully concealed in the basement of his house, where such whiskey when needed would be easy of access by one familiar with the hiding place and the method of concealment. The discovery of the whiskey in appellant's house so soon after the sale justifies the inference that appellant had the whiskey in his house at the time of the sale. We therefore hold that the proof of such discovery tended to corroborate the story of witness Adams, upon which the State depended

to establish the sale. Such proof tends to show that appellant was engaged in the business of selling whiskey. The court did not err in admitting this evidence.

It was urged in appellant's original brief that: "The verdict of the jury inflicted cruel and unusual punishment upon the defendant in violation of Section 25, Article 2 of the Constitution of the State of Missouri." The punishment assessed by the jury was within the limits fixed by the statute and hence is neither cruel nor unusual within the constitutional provision invoked. The assignment is without merit.

The verdict of the jury is assailed as being the result of bias and prejudice against the defendant. The only possible basis for such assignment is the fact that the jury assessed the maximum punishment of five years. That fact alone is insufficient to prove bias and prejudice. We have frequently so ruled. Citation of authorities is unnecessary.

The information follows the language of Section 21, Laws 1923, page 242, which sets forth all the elements of the crime, to-wit, that, if any person shall sell "hootch," "moonshine," "corn whiskey," he shall be deemed guilty of a felony. The information is substantially in the form approved in State v. Combs, 273 S. W. (Mo.) 1037, and is sufficient.

The verdict is in proper form and is responsive to the charge contained in the information. It is sufficient to support the judgment, which, in due and appropriate form, was later entered thereon.

Finding no reversible error in the record, the judgment is affirmed. All concur.