**STATE of Missouri, Respondent,**

v.

**Thomas Ervin BROWN, Appellant.**

**No. 45436.**

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1957.

Charles M. Wantuck, Springfield, for appellant.

John M. Dalton, Atty. Gen., J. Richard Roberts, Sp. Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant, Thomas Ervin Brown, was convicted of selling intoxicating liquor without first having procured a license from the Supervisor of Liquor Control, § 311.550 (7), RSMo 1949, V.A.M.S.; and his punishment was assessed by the jury at six months in the county jail and a fine of $100. Upon appeal from the ensuing judgment, defendant initially contends herein that the evidence was insufficient to sustain the submission and the verdict and judgment of conviction and that, consequently, the trial court erred in overruling defendant's motion for a judgment of acquittal.

The State introduced evidence tending to show that William Bailey, an agent in the enforcement and administration of the Liquor Control Law, approached and went up on the back porch and knocked at the back door of defendant's home in Springfield. A tall slender man wearing a cap and tinted glasses, whom the witness Bailey while on the witness stand identified as defendant, answered the knock. Bailey addressed the man as "Tommy." Tommy asked, "What do you want?" And Bailey answered, "I want a pint of whiskey." Tommy momentarily left the back door and, returning, brought two half-pint bottles containing liquor labeled "Hill & Hill" whiskey, for which Bailey paid Tommy four dollars. The two half-pint bottles were sealed but were subsequently unsealed and their contents analyzed by a chemist as containing liquor in percentages, respectively, 35.27 and 36.39 alcohol by weight, and 43.15 and 43.40 by volume. The State also introduced evidence tending to show that no license to sell intoxicating liquor had been issued defendant.

■ Defendant-appellant's principal argument in support of the contention that the evidence was insufficient to support a conviction relates to the identification of defendant as the person who sold Bailey the whiskey. The witness Bailey testified that, prior to the time of his call at defendant's home, he had not known defendant personally and that, as stated, the man from whom the whiskey was bought was, at the time of the sale, wearing a cap and tinted glasses. It further appeared in evidence that one Richard Thomas, defendant's stepson, was at the time a member of defendant's household. The stepson is somewhat like defendant in size and stature, and occasionally is called and answers to the name "Tom," or "Tommy"; and defendant introduced evidence tending to show that he, defendant, had not used and did not own tinted glasses, but, on the contrary, owned and always wore clear, thick-lensed spectacles. The jury no doubt considered the evidence introduced by defendant tending to refute the identity of defendant as the seller, as well as defendant's evidence tending to show an alibi. But the State produced a witness who said he had seen defendant "not too long" before trial wearing colored glasses; and, according to the testimony of witness Bailey, the purchase of the whiskey was made when Bailey was standing on the back porch of defendant's house just without the back door, and the seller was standing in the kitchen of seller's house just within the back door. No screen door or other object screened or obstructed Bailey's view of Tommy. It was daylight, about nine forty-five in the morning, affording Bailey the opportunity to carefully and clearly observe the person of the seller. Having had the opportunity to personally

observe the seller, the witness Bailey, in testifying, positively identified defendant as the person who made the sale—this was direct evidence of substantial probative value.

■ Defendant further contends there was no evidence that the liquor sold was a beverage, and therefore, he says, the proof failed in tending to show a sale of intoxicating liquor in violation of Section 311.-550(7), supra. Defendant has not fully developed argument supporting this contention; but we assume defendant is urging there was no proof that the liquor sold was potable and was not some preparation in formula or of ingredients for legitimate use other than as a beverage. But, as stated, the State's witness, a chemist, testified of the analyses of the content of the liquor contained in the two half-pint bottles and said the liquor analyzed was intoxicating liquor commonly called whiskey.

■ The evidence was sufficient and substantial in tending to show defendant made a sale of intoxicating liquor as proscribed by statute, Section 311.550(7), supra. State v. Drewing, Mo.Sup., 245 S.W.2d 874; State v. Preston, Mo.Sup., 184 S.W.2d 1015; State v. Sheeler, 320 Mo. 173, 7 S.W.2d 340.

■ In this case the State introduced direct evidence supporting the essential elements of a sale of intoxicating liquor in violation of the statute, 311.550(7), and no instruction on circumstantial evidence was necessary. State v. Wilson, Mo.Sup., 248 S.W.2d 857; State v. Hutsel, 357 Mo. 386, 208 S.W.2d 227.

■ Additionally, the State averred that defendant formerly had been convicted of a felony (manslaughter) and had been discharged upon compliance with the sentence, Habitual Criminal Act, Section 556.280, RSMo 1949, V.A.M.S., and there was substantial evidence supporting the averment. The trial court submitted the issue of former conviction, but the jury either found

for defendant on the habitual criminal issue or disregarded the submission. Defendant did not request and the trial court did not give a cautionary instruction advising that the fact of a former conviction was to be considered by the jury only as bearing on the question of the amount of punishment. However, the trial court had submitted the issue of former conviction "if you (the jury) find defendant guilty of selling intoxicating liquor without a license * *." Upon an examination of the instructions given, it seems the jury reasonably should have understood the former conviction was to be considered only in assessing punishment, and we see no error in failing to give an instruction cautioning the jury and limiting the effect of the evidence of former conviction, especially in the absence of a request by defendant for such an instruction.

■ Other contentions made by defendant go to grounds which were not set forth, or not set forth in detail and with particularity in defendant's motion for a new trial, Supreme Court Rule 27.20, 42 V.A. M.S., and, therefore, were not preserved for our review. Defendant's brief cannot supply deficiencies in his motion for a new trial. State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774; State v. Kelly, Mo.Sup., 258 S.W.2d 611; State v. Ash, Mo.Sup., 286 S.W.2d 808.

The information was sufficient, and the verdict responsive. Allocution was afforded, and judgment and sentence duly entered and pronounced.

The judgment should be affirmed.
It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.