THE STATE v. SCHIERHOFF, *Plaintiff in Error.*

103 47
145 201

DIVISION TWO.

1.  **Practice, Criminal :** SENTENCE AFTER LAPSE OF TERM. Where sentence was erroneously passed upon a defendant pending the motion for new trial, the court may afterwards overrule the motion and at a subsequent term render a valid judgment against him.

2.  ———— : SENTENCE PENDING MOTION FOR NEW TRIAL : DISCHARGE ON HABEAS CORPUS : RESENTENCE. A defendant who was erroneously imprisoned on execution for non-payment of a fine pending his motion for new trial, and was for that reason discharged on *habeas corpus*, may, on the overruling of the motion, be sentenced to pay the fine and costs and committed to jail upon refusal to do so. ( R. S. 1879, sec. 2670 ; R. S. 1889, sec. 5398.)

3.  ———— : ———— : ———— : RES JUDICATA. In order for a discharge under *habeas corpus* to operate as *res judicata* the second process must be for the same offense and must be issued under the same judgment as the first.

*Error to St. Louis Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*P. W. Fauntleroy* for plaintiff in error.

The defendant, having been imprisoned from May 7, 1887, to May 10, 1887, under the judgment rendered against him on December 23, 1885, and having been on May 10, 1887, released and discharged therefrom by Judge EDWARDS on *habeas corpus*, could not be again arrested nor imprisoned by reason of the express provision and prohibition of section 2670, Revised Statutes, 1879. The following case is conclusive on this point: *Ex parte Jilz*, 64 Mo. 205. And independently of said section 2670 he could not be again imprisoned for the same offense, because, having once suffered imprisonment for the offense of which he stood convicted, he could not be made to suffer imprisonment again, for that would be to punish him twice for the same offense. *Ex parte Lange*, 18 Wall. 163.

*John M. Wood,* Attorney General, for the State.

(1) The bill of exceptions was not filed in term time, and there was no order of court, permitting the same to be filed thereafter; there is, therefore, nothing before this court but the record proper, and, as there are no errors upon the face of the record proper, the judgment should be affirmed. *State v. Mayor*, 99 Mo. 602. (2) No exceptions were saved during the progress of the trial, or subsequent proceedings, and there is really nothing here for review except the record proper. *State v. Burk*, 89 Mo. 635. (3) This is an attempt to bring up for review the *habeas corpus* proceedings in said cause, as appears from the record on file. An appeal or writ of error does not lie from a decision in a *habeas*

*corpus* case. *Howe v. State*, 9 Mo. 690; *Ferguson v. Ferguson*, 36 Mo. 197. There was an indictment, trial, conviction, judgment and sentence in this cause, all of which are regular. The court had jurisdiction of the cause until final judgment was rendered, and authority to render judgment at a term subsequent to the one at which a conviction was had.

THOMAS, J.—The defendant was found guilty of a felonious wounding under section 1264, Revised Statutes, 1879, and was fined $100. The trial was had in the circuit court of St. Louis county, in December 1885. At the same term, and on December 23, 1885, defendant filed his motion for new trial. Before this motion was disposed of, and while it was still pending, final judgment was rendered against him on the verdict. Defendant gave bond for his appearance on the fourth day of January, 1886, and not to depart the court without leave. On February 18, 1886, the motion for new trial was continued. On June 26, 1886, a motion to commute the fine was filed. On June 28, 1886, the May term of the court continuing to that time, the motion for new trial was overruled. At an adjourned session of the May term, 1886, on September 23, 1886, the motion to commute was continued, and on November 29, 1886, was overruled. February 14, 1887, execution was issued against defendant on the original judgment, returnable to the second Monday of May, 1887.

In vacation of court, on February 18, 1887, a motion for a rehearing of the motion to commute was filed. On May 7, 1887, defendant was imprisoned by virtue of the execution issued against him in February. He remained in jail three days and was then released and discharged from custody by the said circuit court on a writ of *habeas corpus*. On May 19, 1887, the motion for rehearing of the motion to commute was sustained, and the fine reduced to $1, on condition that defendant pay the costs.

Defendant having refused to comply with this conditional commutation, a warrant, ordered by the court, was, on June 11, 1887, issued against him for his arrest and production in court to show cause why judgment should not be rendered against him for the fine originally imposed. On June 30, 1887, the defendant was brought before the court on this warrant, and then the order sustaining his motion for a commutation of the fine was set aside because the conditions thereof had not been complied with, and his motion to commute was overruled the second time, and the defendant was thereupon sentenced in due form to pay the fine, and he was committed to jail under this sentence, and there he remained till the writ of error was sued out in this case.

For a reversal of this case defendant contends :

I.   That the court having entered judgment against defendant while the motion for new trial was pending, and having overruled this motion in June, 1886, could not wait a year, and then enter a final judgment. We do not think there is any merit in this contention. The case of the *State v. Watson*, 95 Mo. 411, and cases cited on page 415, are decisive of this point. A court does not lose jurisdiction of a case till final judgment be rendered.

II.   Defendant's second contention is, that having been discharged on writ of *habeas corpus* from imprisonment by virtue of an execution issued on the original judgment in this case, he cannot be confined again for the same offense, and in support of this contention he relies upon section 2670, Revised Statutes, 1879, being section 5398, Revised Statutes, 1889, and *Ex parte Jilz*, 64 Mo. 205. We do not think the *Jilz case* in point. There defendant was released on *habeas corpus*, and he was again arrested and held for the *same offense*, on the *same judgment*. Here the defendant was released on *habeas corpus* from imprisonment by virtue of an execution issued in February, 1887, on the original sentence, entered December 23, 1885, upon the ground chiefly,

that the court could not sentence him while the motion for new trial remained undisposed of.

The court, after his release, however, proceeded in a very short time, to have him brought before the court and sentenced again, the motion for new trial having been previously overruled. This cured the defect, if there was any defect in entering the sentence originally, and any subsequent process issued under this final sentence would be for the same offense, it is true, but not on the same judgment, and such process is especially excepted in section 267., *supra*. In order for a discharge under *habeas corpus* to operate as *res adjudicata*, the process must be for the same offense, and issued under the same judgment. *Res judicata* in such case cannot be pleaded "when the discharge in any case has been ordered on account of the non-observance of any of the forms required by law, and the party is again arrested for imprisonment by legal process for sufficient cause and according to the forms required by law." Sec. 2670, *supra*.

The forms of law were not complied with in entering judgment against defendant, December 23, 1885, while his motion for new trial was pending, and he was rightly released from custody ; but the next time he was imprisoned it was for the same offense, but on legal process issued on a *new* judgment rendered *after* such release. This very point is covered by the portion of section 2670 above quoted. This point is ruled against defendant.

III. But in the third place it is insisted, that as the defendant was again imprisoned three days under the first process issued he cannot be imprisoned for the same offense, having suffered punishment for it once, and counsel cites in support of this position *Ex parte Lange*, 18 Wall. 163. In that case it is held that "if anything is settled in the jurisprudence of England and America it is that no man can be twice punished by judicial judgments for the same offense." So say we. This is sound doctrine.

Perkins v. The St. Louis, I. M. & S. Ry. Co.

But that case has no resemblance whatever to this. In that case the court ruled that where a court has imposed fine *and* imprisonment, where the statute conferred power to punish by fine *or* imprisonment, and the fine has been paid, it cannot even at the same term modify the judgment by imposing imprisonment instead of the former sentence. Good doctrine this, also.

In the case at bar, however, the defendant was fined, and he was imprisoned, not as a part of the punishment imposed, but because he failed to pay the fine, and then even his imprisonment turned out to be illegal and hence wrongful. Defendant's argument would release anyone from punishment, because he had endured punishment contrary to law. If one should be arrested and put in jail for a crime, and then released on bail, or the indictment be dismissed, this plea of former punishment could be interposed successfully according to this contention. This would lead to results never contemplated by the law. There is a wide difference between punishment inflicted *for* a crime, and punishment imposed not for crime, but to hold for trial for crime, or for failure to pay a fine.

Finding no error in the record, the judgment of the circuit court is affirmed. All concur.