## McGEE et al., Appellants, v. SMITH et al., Respondents.

**St. Louis Court of Appeals, January 19, 1904.**

1. **EVIDENCE: Cost Bond: Title of Cause: Variance.** In an action on a cost bond, alleged to have been filed in a suit brought in the name of a city at the relation of S., where the bond offered in evidence omitted the city's name and gave the relator as plaintiff, though it clearly appeared that it was filed and intended as security in that case as alleged, it was error to exclude it; there was no variance between the pleading and the proof.

2. ———: ———: ———: **Estoppel.** The bondsmen, having filed the bond, on the faith of which the relator was enabled to continue the prosecution of his suit and to force the incurring of additional costs in that case, are estopped to deny that the bond offered was the bond alleged.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED.

*Thomas F. Hurd* and *Frank W. McAllister* for appellants.

(1) The execution of the bond sued on and charged to have been executed by defendants not being denied by answer verified by affidavit, is adjudged confessed. R. S. 1899, sec. 746. (2) Judgment might properly have been rendered against the sureties on the cost bond at the time of the judgment against Smith, but as this was not done they have an action on the bond to recover the costs. Davis v. Farmer, 28 Mo. 54. (3) Witness Creigh should have been permitted to identify the bond sued on as the identical paper filed with him and referred to in the record entry of June 14, 1894. Collins

v. Kammann, 55 Mo. App. 464; Kansas City v. Smart, 128 Mo. 272; Powers v. Wright, 39 Mo. App. 205.

*J. H. Whitecotton* for respondents.

(1) There is no question as to the execution of the bond raised in the case, but respondents deny that this bond was made in the case alleged in appellant's petition. There being a fatal variance between the obligation set out in the petition and the one offered in proof the appellants were not entitled to recover. Wright v. Fonda, 44 Mo. App. 634; Cole v. Armour, 154 Mo. 333. (2) . The question of variance being a question of law for the court and the same having been submitted to the court, its finding is conclusive. Berry v. Dryden, 7 Mo. 324; Buch v. Benton, 26 Mo. 153. (3) The respondents admit that judgment might have been rendered on a proper bond in the case at the time of the entering judgment in the original case, but that does not give any authority to appellants to recover on the bond put in evidence in this cause.

STATEMENT.

The suit is to recover on the following cost bond: "James H. Smith, plaintiff,
          against
"W. R. McGee et al., defendants.

"In the circuit court of Monroe county, Missouri.

"We, the undersigned residents of Monroe county, Missouri, do hereby acknowledge ourselves bound to pay all the costs which have accrued or may accrue in the above entitled cause.

"Witness our signatures this — day of June, 1894.
                    "JAS. H. SMITH,
                    "C. F. MAHAN,
                    "WM. H. JOHNSON,
                    "JAS. R. JACKSON,
                    "ALLEN BRYAN,
                    "D. C. BRYAN.

"June 16, 1894.—Approved this date.

"CHAS. A. CREIGH,

"Clerk."

The answer was a general denial and a plea of payment.

Plaintiffs proved by the records of the Monroe circuit court that in a case wherein the City of Paris ex rel., James H. Smith was plaintiff, and these plaintiffs were defendants (brought on the official bond of McGee given to the city of Paris for the faithful performance of his duties as marshal of said city) the other defendants (plaintiffs herein) being sureties on the bond, Smith was required by an order of the court to give security for costs; that in compliance with said order Smith filed bond for costs. The suit resulted in a judgment against Smith for the costs, but no judgment was entered against anyone as surety for such costs. Evidence was offered showing the amount of costs that had accrued to defendants in the action both before and after the rendition of the judgment, and that an execution had been issued against Smith for the costs which had been returned not satisfied.

Under date of June 16, 1894, the record contains the following entry:

"City of Paris ex rel. James H. Smith, plaintiff,

v.

"W. R. McGee et al., defendants.

"At this day comes the plaintiff herein by attorney and files his bond for costs in this cause."

The clerk of the court testified that he approved and filed the bond. He was asked in what suit it was filed. The question was objected to on the ground that the record shows in what suit it was filed, and that it (the record) could not be changed by parol evidence. The objection was sustained, to which ruling plaintiffs' counsel then and there objected and excepted. Plaintiffs offered the bond in evidence. The court ruled that it might be admitted as "the paper that was approved

and filed by the clerk." The following then took place:

By counsel for the plaintiffs: "I wish to ask the witness whether or not this was the bond filed in that cause at that time? A. Yes, sir. That is the bond that was filed in the Smith case v. McGee on that day, sixteenth of June, 1894."

On cross-examination witness testified as follows:

"Q. Why did you enter on the record there a different title to the suit than this bond? Why did you enter on the record here, 'June 16, 1894, City of Paris ex rel. James H. Smith v. W. R. McGee et al., defendants?' Do you remember why you made that entry in that case when the bond shows upon its face it was Jas. H. Smith v. W. R. McGee? A. There was a bond offered in that case of Jas. H. Smith v. W. R. McGee.

"Q. Don't you know there was another suit against McGee? A. There was no suit at that time.

"Q. Either prior to that or subsequent to that? A. Yes, sir; there was subsequent to that; there was none prior to that."

The court to whom the cause had been submitted, sitting as a jury, took the case under advisement for a few days and on April 15, 1902, found the issues for the defendants. A timely motion for new trial was filed which the court overruled, whereupon plaintiffs appealed to this court.

BLAND, P. J. (after stating the facts as above).— No instructions were asked or given and as there was no dispute but that a part of the costs that had accrued in the case of the City of Paris ex rel. Smith v. McGee et al., was unpaid, the only theory upon which the finding of the learned trial judge can be supported is that, in his opinion, the bond read in evidence varied from the one described in the petition and for that reason was excluded as evidence. It is conclusively shown by the records of the Monroe circuit court that Smith, in the case of the City of Paris ex rel. Smith v. McGee et

al., was required to file bond for the costs and that he complied with that order by filing a cost bond that was approved by the circuit clerk, and was thereafter permitted by the court to prosecute his suit to a final termination. It is also shown that at the time the cost bond read in evidence was filed there was no other suit pending in the Monroe circuit court wherein Smith was plaintiff and McGee et al. were defendants, so that it appears beyond a doubt that the bond offered in evidence was the bond which Smith filed in the case of the City of Paris ex rel. Smith v. McGee et al. The bond was prepared by these defendants or their attorney and was signed by the defendants and filed by them in the court as security for the costs in the suit brought by Smith on McGee's bond as marshal of the city of Paris. The city of Paris was but a nominal party to the suit, had no interest in it, and was not and could not be made liable for any of the costs. If there had been two suits pending in the Monroe circuit court wherein Smith was a party plaintiff and McGee a party defendant, in both of which an order had been made on plaintiffs to give security for costs, and the bond sued on had been filed after the making of such orders, there would be some question as to which of the two suits the bond was filed in. But there being but the one suit and but the one order to give security for costs, there can be no doubt that the bond was filed as security for costs in the only suit then pending wherein Smith was a plaintiff and McGee a defendant, to-wit, the case of the City of Paris ex rel. Smith v. McGee et al. Under this state of the proof the bond should have been admitted as evidence for there is no material variance between it and the one alleged in the petition to have been filed.

It also seems to us that the defendants, having executed and filed a bond as security for costs in the suit wherein the City of Paris ex rel. Smith was plaintiff and McGee et al. were defendants, on the faith of which bond Smith was enabled to continue the prosecution of his

suit and to force the defendants to incur additional costs in the preparation for and in presenting their defense to the suit, they ought under the evidence in this case to be estopped to deny the bond offered in evidence was the bond sued on.

The judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.