THE STATE EX REL. JAMES V. BILLINGS, Prosecuting Attorney of Dunklin County, Petitioner, v. LESLIE RUDOLPH, Warden of Missouri State Penitentiary, Respondent.—17 S. W. (2d) 932.

Court en Banc, May 31, 1929.

*James V. Billings* for petitioner.

*Otto & Potter* for defendant Stocks.

GANTT, J.—*Habeas Corpus.* On March 6, 1928, Henry Stocks pleaded guilty in the Circuit Court of Dunklin County to a charge of embezzlement, and was sentenced to five years' imprisonment in the penitentiary. Thereafter, and on the same day, he was arraigned in said court upon charges contained in twenty-three indictments, each charging him with the commission of a felony, to all of which he pleaded not guilty. Thereafter, and on the same day, a certified copy of the sentence was delivered by the clerk of said court to the sheriff of said county, who immediately transported Stocks from the Dunklin County jail to the penitentiary, where he is now serving said sentence.

Upon demand, the warden of the penitentiary refused to deliver Stocks to the sheriff to be taken to Dunklin County for trial on said indictments. While the warden so refused, he is neutral in this pro-

ceeding, for by return to our writ he only states that he holds the defendant Stocks under a commitment by the circuit court of said county. It is the defendant Stocks who is resisting efforts to try him. By so doing he is resisting the speedy trial guaranteed to him by the Constitution. [Sec. 22, Art. II, Mo. Constitution.] No doubt he has in mind Sections 4040 and 4042, Revised Statutes 1919, wherein it is provided that he shall be brought to trial before the end of certain terms of court, otherwise he must be discharged. [State v. Wear, 145 Mo. 162, 46 S. W. 1099; State ex rel. Stevens v. Wurdeman, 295 Mo. 566, 246 S. W. 189; State v. Harp, 6 S. W. (2d) 562; State v. Nelson, 279 S. W. 401.]

I. Defendant Stocks contends that after sentence he cannot be tried on a prior information or indictment, citing Ex parte Meyers, 44 Mo. 279; State v. Watson, 95 Mo. 411, 8 S. W. 383; State v. Schierhoff, 103 Mo. 47, 15 S. W. 151; State v. Buck, 120 Mo. 479, 25 S. W. 573; State v. Wear, 145 Mo. 162, 46 S. W. 1000; State v. Bell, 212 Mo. 130, 111 S. W. 39; State v. Barnes, 274 Mo. 625, 204 S. W. 267; State ex rel. Stevens v. Wurdeman, 295 Mo. 566, 246 S. W. 189.

On that question those cases were, in effect, overruled in State ex rel. Meininger v. Breuer, 304 Mo. 381, 264 S. W. 1. In that case we held that a circuit court had jurisdiction to try a defendant for felony after he had been sentenced to the penitentiary. Such is the universal rule. Prior to the Meininger decision Missouri stood alone in holding that a defendant under sentence could not be tried on a prior information or indictment. [41 L. R. A. (N. S.) 1095 et seq.]

That the question may be at rest, we now overrule any statements in the cases cited by defendant Stocks or in other cases decided by this court holding or tending to hold that a person after sentence for felony cannot be tried on a prior information or indictment.

After the decision in State ex rel. Meininger v. Breuer, supra, Meininger was tried and convicted while under bond pending an appeal from a prior judgment and sentence to the penitentiary. [State v. Meininger, 290 S. W. 1007.] There is no constitutional or statutory provision prohibiting the trial of a defendant during the time of his incarceration in the penitentiary, and the guarantee by the Constitution of a speedy trial makes no exception of a defendant so incarcerated. [Sec. 22, Art. II, Constitution.] If Meininger could be tried after sentence and while under bond, there is no reason why the defendant Stocks cannot be tried after sentence and during the service of time in the penitentiary. On principle there is no difference. Those interested will find this conclusion sustained by all the cases cited and reviewed in State ex rel. Meininger v. Breuer, supra, 304 Mo. l. c. 406-414. In the cases there reviewed all the

courts hold that a convict may be taken by the State from the penitentiary and tried for an offense committed prior to his incarceration. To hold otherwise would make of the penitentiary a shelter for criminals.

In Commonwealth v. Raymunno, 68 Atl. l. c. 185, the Supreme Court of Pennsylvania said:

"On the prisoner's other contention not much ought to be said, for nothing can be said in support of it. At all times he was within the Commonwealth. By its process he had been committed to one of its penal institutions for a violation of one of its laws. It not only did not object to his being brought into the jurisdiction of one of its courts to answer a more serious charge than the one upon which he had been committed, but asked, at the instance of a district attorney representing it in his district, that his body should be produced, to be subjected to punishment upon a charge which he was called to answer, different and distinct from that for which he had formerly been convicted. The warden of the penitentiary having him in custody made no question as to the Commonwealth's right to take him away; and, under the circumstances, when he reached the jurisdiction in which he was to be tried for the most serious offense known to law, it was none of his concern how he got there. A prison is not a place of refuge for a criminal. It is for his punishment, to which he is involuntarily committed, and the same power that commits him can take him from it when, in the interest of justice he should be transferred elsewhere to answer for his misdeeds."

In Rigor v. State, 61 Atl. 631, l. c. 634, the Supreme Court of Maryland said: "The penitentiary is not a place of sanctuary, and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt."

In Ponzi v. Fessenden, 258 U. S. 254, l. c. 260, it is said: "One accused of crime, of course, cannot be in two places at the same time. He is entitled to be present at every stage of the trial of himself in each jurisdiction with full opportunity for defense. [Citing cases.] If that is accorded him, he cannot complain. The fact that he may have committed two crimes gives him no immunity from prosecution of either."

In Flagg v. State, 11 Ga. App. l. c. 40, the court said:

"When a convict is serving a penal sentence he is in the custody of the State or its authorities. In a sense he is the property of the State; his labor belongs to the State. Having forfeited his right to freedom, he is completely under the dominion and control of the State, with no rights save those which the law in its humanity may accord him. It would indeed be remarkable if the State, which has full power to reach out and bring into court one of its citizens while

in the full enjoyment of his liberty, could not find a process by which one of its convicts could be brought into court for any purpose for which his presence could lawfully be required. We have not the slightest doubt of the full and complete power of courts to adopt appropriate measures to obtain a convict's presence in any proper case.''

Being in the custody of the State, no constitutional or statutory right of the defendant Stocks is violated by the State changing its place of custody from the penitentiary to the circuit court room of Dunklin County. While absent from the penitentiary for trial he is in custody under the sentence.

In this connection defendant Stocks contends this court is without authority to grant a writ of habeas corpus in the absence of an authorizing statute. We are not dependent upon legislative enactment. Such authority is given by the Constitution.

In re Hagan, 295 Mo. 435, 1. c. 440, we said:

''This constitutional power to issue the writ is absolute. It is a grant of original and concurrent jurisdiction. There is no qualification or restriction in the organic law. Without a restriction in the organic law, the Legislature is without power to limit our jurisdiction. Our jurisdiction is one of a broad and unrestricted constitutional grant, and a legislative restriction would be violative of this grant. . . . Under the Constitution, this court is given the right to grant writs of habeas corpus. No legislative act can take away or curtail this constitutional grant. It would be useless for the people (in the Constitution) to grant this court a right, if the Legislature could later destroy the right. What is granted by the Constitution cannot be curtailed or destroyed by legislative act.''

The writ at common law includes several forms. Among the number: (a) Habeas Corpus ad subjiciendum (you have the body to submit); (b) Habeas Corpus ad prosequendum (you have the body to prosecute). [21 Cyc. 353; Burril L. Dict.; 3 Blackstone Comm. 129-130.]

Our code only regulates the use of the principal writ (Habeas corpus ad subjiciendum). The petition herein does not call for the principal writ, but for a writ ad prosequendum; therefore, we are confronted with no statute.

The contentions are overruled.

II. Defendant Stocks challenges the petition for the reason it is not alleged therein that the time fixed by statute for a trial of said

defendant has not expired. This question is for the trial court. If he has not been tried within the time fixed by statute, he may move for his discharge; and unless he does so, the right is waived. [Secs. 4040 to 4043, R. S. 1919; State v. Cox, 65 Mo. 29 1. c. 32.] Furthermore, petitioner's Exhibit A, referred to by said defendant, does not show that the case was continued from the February term, 1929, to the July term, 1929. The exhibit does show it was continued, but it may have been continued to an adjourned term. In that event the continuance is not a continuance within the meaning of the above sections. [State v. Farrar, 206 Mo. App. 339, 1. c. 344, 227 S. W. 1078; State v. Riddle, 179 Mo. 287-292, 78 S. W. 305.] The contention is overruled.

III. Defendant Stocks next contends the commissioners of the department of penal institutions should be parties to this proceeding, for the reason they and not the warden have custody of the defendant.

The warden has "general control and supervision over the government, discipline and police regulations of the penitentiary in accordance with the orders, rules and regulations of the board." [Sec. 12472, R. S. 1919.] He could not have such control without having the custody of the inmates. Furthermore, he made return that he had the custody of the defendant and produced him in court. This forecloses the question.

While not ruling the question, some observations on the authority of circuit courts to issue writs of habeas corpus *ad prosequendum* will not be amiss. If a circuit court issued such a writ, no question of conflicting or territorial jurisdiction would be involved. The writ is equivalent to a warrant for an arrest. It should be executed as warrants are executed. [Secs. 3909, 3911 and 2814, R. S. 1919.] Our courts have power to issue all warrants which may be necessary in the exercise of their respective jurisdictions. [Sec. 2341, R. S. 1919.]

In Ex parte Marmaduke, 91 Mo. 228, 1. c. 251, 4 S. W. 91, it is said:

"Independent of any such statute (Sec. 2341), courts, having been created for the purpose of administering public justice, have, in consequence of their being courts, the inherent right to effectuate their jurisdiction by all process necessary for that purpose. . . . The rule being, that, whenever power or jurisdiction is conferred, everything to make either effectual is implied. [1 Kent Com. 463 and cas. cit.]"

In re Edward Talbot, 8 Ohio Dec. 744, 1. c. 747, it is said:

"A court acquires jurisdiction by its own process. If the process of the court be executed upon the person or thing concerning which

the court is to pronounce judgment, jurisdiction is acquired. The writ draws the person or thing within the power of the court; the court once having by its process acquired the right to adjudicate upon a person or thing, it has what is called jurisdiction. This power of jurisdiction is only acquired by its process."

In Commonwealth v. Ross, 13 Pa. Dist. Rep. 493, it is held that a district court has authority to issue such a writ to cause a defendant who is confined in the penitentiary outside of the territorial jurisdiction of the court to be brought before it for trial on an indictment for felony.

In Ex parte Marmaduke, supra, the St. Louis Criminal Court issued a writ of habeas corpus *ad testificandum*, which was served in Cole County on the warden of the penitentiary. The authority of that court to issue the writ was not questioned.

It follows the warden of the penitentiary is ordered to deliver Henry Stocks to the Sheriff of Dunklin County, to be taken there for trial on said indictments. It is further ordered that said sheriff return Henry Stocks to the penitentiary on the termination of said trials. All concur.