EX PARTE WALTER HARTLEY.—49 S. W. (2d) 119.

Court en Banc, April 27, 1932.

*Moore & Moore, G. Purd Hays* and *Robert Lamar* for petitioner.

*Stratton Shartel*, Attorney-General, *Edward G. Robison*, Assistant Attorney-General, for respondents; *Gordon J. Massey* and *Omer E. Brown* of counsel.

340

ATWOOD, C. J.—Walter Hartley petitioned this court for discharge by the Habeas Corpus Act from the custody of Newt Mapes, Sheriff of Christian County, and Cleve Persley, jailor in charge of the common jail in Greene County and duly appointed to such position under the provisions of Section 8526, Revised Statutes 1929. Our writ was issued and service of the writ and production of petitioner's body were waived.

The sheriff and jailor filed return in their official capacity as aforesaid stating that on the 19th day of December, 1931, the said Hartley was duly charged by a complaint filed before a justice of the peace in and for Christian County, Missouri, with the crime of robbing the Bank of Highlandville situated in said county, and upon his arrest, appearance and waiver of a preliminary examination the said justice bound him over to appear on the first day of the next term of the circuit court of said county and answer said charge, fixing the amount of his bond at $25,000, and upon his failure to give bond in said sum the said justice issued a commitment to the said Mapes, certified copy of which was attached to the return, directing that said Hartley be confined in the common jail of Christian County there to remain until discharged in due course of law; that thereafter the said Hartley was duly charged by a complaint filed before said justice in connection with another person, one Alva Goddard, with the crime of robbing the Bank of Sparta in said county, and upon a preliminary hearing the said Hartley was held to answer charges that might be preferred against him based on said complaint, his bond fixed at $10,000, and upon his failure to give the same he was committed as aforesaid to the common jail of said county; that said justice duly certified his action in said preliminary examination

to the clerk of the Circuit Court of Christian County; that informations were filed in said circuit court duly charging him with the two distinct robberies as aforesaid; that at the regular January term, 1932, of said circuit court the said Hartley was duly arraigned and pleaded not guilty, and proceeding to trial on the information charging him with robbery of the Bank of Highlandville as aforesaid the jury found him guilty as charged and assessed his punishment at twenty years in the State penitentiary, said verdict thereupon being received by the court and ordered spread upon the records of said court and said jury being discharged; that thereafter on February 5, 1932, the said Hartley filed his motion for a new trial which motion was on February 10, 1932, overruled; that thereupon the said Hartley by his counsel requested the court to pass sentence upon him in accordance with the verdict, but the prosecuting attorney and special counsel assisting the State requested that sentence be deferred until the said Hartley could be tried upon the other charge of robbery pending against him; that the court thereupon stated that the sentence would be so deferred, and no sentence was passed upon the said Hartley by the court, nor has he been sentenced, and the court adjourned to court in course without sentencing him; that after stating that he was going to defer sentence as aforesaid the court made a minute entry in the cause as follows: ''Bonds set at $40,000;'' that the minutes do not show the terms or conditions of said bond, and no bond was ever offered upon the charge of robbing the Bank of Highlandville; that there was no general order made of record continuing all cases not disposed of or continuing this cause until the next term; that there is no minute entry or record showing said request for sentence or said request that sentence be deferred but such occurred in open court; that on or about February 29, 1932, the said Hartley gave bond in the time and manner provided by law, in connection with the charge of robbing the Bank of Sparta, which cause had been continued to the May term, 1932, of said court, which bond was approved by said sheriff, but the said sheriff continued to hold the said Hartley in the common jail of said county under and by virtue of the proceedings hereinbefore mentioned; that on or about March 1, 1932, the said Mapes, sheriff as aforesaid, on account of the common jail of Christian County being insufficient and for the further reason that he feared the said Hartley would escape therefrom transmitted him to the common jail of Greene County, Missouri, the same being the nearest jail and in an adjoining county to Christian County, and delivered him to the said Persley, who was then and there the duly appointed jailor of Greene County, where he has been ever since and is now confined; and that by virtue of all the matters aforesaid the petitioner is not entitled to be discharged from their custody.

342

In his reply petitioner admits that the facts stated in said return are true, except the allegation therein that he is not unlawfully restrained of his liberty which he specifically denies, and he reaffirms the allegations and prayer of his petition.

█ Petitioner's chief claim is that the trial court has lost jurisdiction and is now powerless to bring the defendant into court at any succeeding term and sentence him on the verdict returned at the January term, 1932. In State v. Watson, 95 Mo. 411, 414, 415, 8 S. W. 383, and in State v. Schierhoff, 103 Mo. 47, 50, 15 S. W. 151, we have definitely ruled otherwise on the theory that there is no final disposition of a cause until there is a final judgment and a court does not lose jurisdiction of a case until final judgment is entered, though such be not done until a subsequent term. This is generally recognized in criminal cases. Where on appeal it appears that the defendant was convicted but not sentenced the appeal is treated as premature and the cause remanded to the trial court with directions to pronounce sentence and enter up judgment against the defendant on the verdict of the jury returned in the cause, though the conviction was had at a previous term. [State v. George, 207 Mo. 16, 105 S. W. 598.]

It is suggested in petitioner's behalf that "some of the doctrine of this 95 Mo. was expressly overruled in the case of State ex rel. Billings v. Rudolph, 322 Mo. 1163, 17 S. W. (2d) 932," but an examination of our opinion in that case discloses that the matter overruled was no part of the doctrine above announced.

█ It is also said that a case will not go from term to term except it be continued by order of record. A court has power to defer sentence (State ex rel. v. Wurdeman, 246 S. W. 189, 194, 295 Mo. 566), and a cause undisposed of will go to the next succeeding term though no formal order of continuance is entered. [Boyer v. City of St. Joseph (Mo. Sup.), 187 S. W. 1185.] Section 1858, Revised Statutes 1929, deals with this subject as follows:

"No writ, process or proceedings whatsoever, civil or criminal, shall be deemed discontinued or abated by reason of the failure of any term or session of any court, nor by reason of any adjournment in the cases mentioned in this chapter, or otherwise, before the business pending in such court is disposed of, but the same shall be continued and proceeded upon as if no failure or adjournment had happened."

In Alexander v. Haffner, 20 S. W. (2d) 896, 898, 323 Mo. 1197, we said that under the provisions of the foregoing statute a case once commenced "is automatically continued from term to term by statute until finally disposed of by some order or judgment of the court."

Counsel for petitioner cite cases from other jurisdictions holding that the indefinite postponement of sentence upon one convicted of

crime deprives the court of jurisdiction to pronounce sentence at a subsequent term. Without expressing any opinion as to the soundness of this doctrine we take occasion to say that such a situation is not presented by the record in this case. The request and order admitted to have been orally made were to the effect that sentence be deferred in this case until Hartley could be tried upon the other charge of robbery pending against him, and the record shows that this other case was duly continued to the May term, 1932.

Counsel for petitioner also contend that he is illegally restrained of his liberty because it does not appear that the circuit court made an order of record directing the sheriff to take charge of petitioner and commit him to jail, citing the opinion of this court in Kinder v. Richeson (Mo. Sup.), 264 S. W. 982, 983. In the Kinder case the return of the sheriff showed that he had no warrant of commitment of any kind. Petitioner had given bond to appear in the circuit court and "answer the charge of forgery," and it was held that the obligation ceased when he had fully answered and a verdict was returned. An examination of the opinion further discloses that the intimation that petitioner would have been granted an absolute discharge if he had asked it was aside from the course of reasoning necessary to support the decision reached and was in fact *obiter dictum*.

Petitioner in the instant case, however, was committed to the sheriff of Christian County under a warrant providing that he there "remain until he be discharged by due course of law." This is in accordance with Section 3487, Revised Statutes 1929. The record before us shows petitioner's conviction of the crime charged and he should remain in the sheriff's custody until sentenced. In this connection it may be observed that even when a defendant has been sentenced in accordance with the verdict the State is not deprived of the right to try him on other charges pending. [State ex rel. Meininger v. Breuer, 304 Mo. 381, 389, 264 S. W. 1; State ex rel. Billings v. Rudolph, 322 Mo. 1163, 1169, 17 S. W. (2d) 932.]

The petitioner is remanded. All concur.