**STATE of Missouri, Respondent,**

v.

**Marcus GOODWIN, Appellant.**

**No. 51500.**

Supreme Court of Missouri,

Division No. 2.

Nov. 8, 1965.

Motion for Rehearing in Court En Banc Denied Dec. 13, 1965.

Norman H. Anderson, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen., Jefferson City, for respondent.

Marcus Goodwin, pro se.

BARRETT, Commissioner.

For shooting, stabbing and killing his common-law wife, Mazie Lee, Marcus Goodwin was found guilty of murder in the first degree and sentenced to be executed. After his conviction was affirmed in this court, State v. Goodwin, Mo., 352 S.W. 2d 614, the Governor of Missouri commuted his sentence to life imprisonment. Thereafter, in March 1962, on appellant's behalf, there was filed in this court an application for habeas corpus and in that proceeding all relevant documents not only of his trial, the full transcript of which was available to this court, but his complete hospital records were before this court. In the trial of his case he was represented by experienced trial counsel, and, despite his present attacks on his lawyers, was represented in his habeas corpus proceeding by two noted lawyers, including a former president of the Missouri Bar Association. After "evidence heard in this habeas corpus proceeding" in this court en banc, the

petition for habeas corpus was denied, In re Goodwin, Mo., 359 S.W.2d 601, and the Supreme Court of the United States denied certiorari on November 19, 1962, 371 U.S. 915, 83 S.Ct. 262, 9 L.Ed.2d 174.

And now on his own behalf, being permitted to proceed as a poor person, Marcus Goodwin filed in the Circuit Court of Jackson County, where he was of course convicted originally, a motion to vacate and set aside judgment under Criminal Rule 27.26, V.A.M.R. In this proceeding the petition in habeas corpus was also appended but the circuit court, in February 1965, summarized the issues attempted to be raised in the proceeding and found that on the record before the court they were without merit and denied his motion to vacate. It is not necessary upon this appeal to detail any of the facts, or for that matter to detail the claims here, they are all set forth in the former opinions and files of this court. It is sufficient to say that on this appeal he makes the same claims of insanity, (in part belied by the papers he has personally filed) and improper representation of counsel that he made on the original appeal or in his application for habeas corpus, all of which were presented by distinguished counsel and fully explored by this court. The consequence of all these matters is that there is no basis for this proceeding under Criminal Rule 27.26 to vacate the sentence and judgment, all the issues he now seeks to raise were fully considered in both the former appeal and the habeas corpus proceeding and "he is thereby precluded from litigating the questions further by means of a motion to vacate and set aside," (State v. Thompson, Mo., 324 S.W.2d 133, 139) and, therefore, the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.