**David William EVANS, Petitioner,**

v.

**STATE OF MISSOURI et al., Respondents.**

Civ. A. No. 17535–3.

United States District Court, W. D. Missouri, W. D.

July 31, 1969.

David William Evans, pro se.

No response required by State of Missouri, for respondents.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, who is currently confined in the Jackson County Jail, seeks a writ of federal habeas corpus to effect his speedy trial in the Circuit Court of Jackson County. Petitioner also seeks leave to proceed herein in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he is currently being detained in the Jackson County Jail, and that he has filed no previous motions, petitions or applications with respect to this confinement. He does not state the offense with which he is charged but states that he has been properly charged with and arraigned on the said offense and that he has been

represented by counsel in the proceedings against him. Petitioner only states the following as grounds upon which he bases his allegation that he is being held in custody unlawfully:

"Petitioner has been incarcerated in Jackson County Jail for 180 days, wherefor there has been two court term's (sic)

"Plaintiff constitutional right's for a fast and speedy trial were denied." (sic)

If petitioner has an adequate and available remedy by which he may present these contentions in the state courts, this Court should not determine a state prisoner's petition for habeas corpus on its merits, but rather should dismiss it without prejudice to the petitioner's availing himself of those remedies, in the absence of exceptional circumstances, not present in this case. Section 2254, Title 28, U.S.C.; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F.2d 623; Hooper v. Nash (C.A.8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed. 2d 768; White v. Swenson (W.D.Mo. Court en banc) 261 F.Supp. 42; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196; Richardson v. Swenson (W.D.Mo.) 293 F.Supp. 275. Petitioner has available and adequate remedies in the state courts by way of filing a motion for a speedy trial or an application for habeas corpus ad prosequendum in the first instance in the circuit court for the county in which petitioner is held and charged. Section 532.010 et seq., R.S. Mo., 1959, V.A.M.S.; Rule 91.59 Mo.R. Civ.P.; State ex rel. Billings v. Rudolph, 322 Mo. 1163, 17 S.W.2d 932. Petitioner states that he has been held without being brought to trial for over two terms of court. The applicable Missouri statute, Section 545.890, R.S.Mo., 1959, provides as follows:

"If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

If petitioner's statements are true, he would apparently be entitled to relief thereunder in the Missouri courts if his confinement without trial continues into another term and he should assert his right thereto by filing an application for discharge in the circuit court for the county in which he is held. State ex rel. Billings v. Rudolph, *supra*; State v. Nolan, Mo., 171 S.W.2d 653; State v. Hicks, 353 Mo. 950, 185 S.W.2d 650; Osborne v. Owsley, Mo.App., 259 S.W.2d 129.

Petitioner should therefore file a motion for speedy trial or an application for habeas corpus in the circuit court for the county in which he is charged, and in the event of any adverse determination thereof, file a successive application for habeas corpus or other application for review in the Missouri Supreme Court and receive an adverse decision thereon before again invoking the jurisdiction of this Court with regard to this contention.[1] In the absence of exceptional circumstances not present in this case, only when the Missouri Supreme Court has determined the contention on its merits adversely to petitioner can state remedies be deemed exhausted with respect thereto. Section 2254, *supra*; State v. Goodwin, Mo., 396 S.W.2d 548. If the confinement without trial continues into a third term of court, petitioner should file an application for discharge under Section 545.890, R.S.Mo., 1959, and seek review of any adverse determination thereof in the Missouri Supreme Court

1. Osborne v. Owsley, Mo.App., 259 S.W.2d 129, by limiting consideration on pretrial habeas corpus to jurisdictional matters, appears to make it necessary that this be a petition for habeas corpus ad prosequendum. But Osborne may be limited by Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26.

before again filing a petition for habeas corpus based upon the ground presented in this petition in this Court.

For the foregoing reasons, it is

Ordered that the petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and the same is hereby, dismissed without prejudice.