**STATE of Missouri, Plaintiff-Respondent,**

v.

**Horace CURRIE, Defendant-Appellant.**

No. 34849.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 16, 1973.

James C. Jones III, Darrell D. Wiles, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, David Robards, Asst. Attys. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Julian Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

In this jury tried case, defendant was convicted of robbery by means of a dangerous and deadly weapon. According to the State's evidence he acted in concert with another in the commission of the offense.

Defendant introduced evidence that he was present but did not act with the other person to commit the robbery. On appeal, defendant contends the trial court erred in refusing his proffered converse instruction to the main verdict directing instruction submitted by the State and given by the court. This converse instruction hypothesized only that the jury should return a verdict of acquittal if they believed the defendant did not commit the robbery. It contained no reference to defendant's acting in concert with another. The trial court refused to give the instruction as tendered, but offered to give it if the defendant would modify it. This the defendant refused to do and he now complains of the court's failure to give the instruction.

■■ Defendant's contention on appeal is without merit. The defendant's proffered converse instruction did not correctly converse the State's theory of the case presented in the main verdict directing instruction given by the court. The State proceeded on the theory that the defendant acted in concert with another in committing the robbery. Under the verdict director, defendant could have been convicted either if he acted alone or in concert with another. This latter alternative was omitted from the converse and, therefore, the trial court was correct in refusing to submit it to the jury. State v. Hicks, 353 Mo. 950, 185 S.W.2d 650, 653[6–8]; State v. Bradley, Mo., 234 S.W.2d 556, 562[20]; State v. Chaney, Mo., 349 S.W.2d 238, 244; State v. Bolden, Mo., 473 S.W.2d 355, 356. Additionally, the instructions as submitted by the trial court fully and fairly covered the substance of defendant's converse. The converse, therefore, was properly refused. State v. McGowan, Mo., 432 S.W.2d 262, 264[2].

Judgment is affirmed.

DOWD, C. J., and McMILLIAN, J., concur.